## LEWIS v. HINSON.

1. APPEAL—DISMISSAL.—Motion to dismiss because "Case" not served in time, refused.

2. PLEADINGS—MOTION TO MAKE DEFINITE AND CERTAIN—NONSUIT—REAL PROPERTY—REMEDY.—Where two plaintiffs sue for possession of land, and on trial their deeds show that they are not tenants in common, remedy of defendants is not a motion for nonsuit on that ground, but they should have made, in the first instance, a motion to require the plaintiffs to state the causes of action separately.

3. REAL PROPERTY—PARTIES.—It is proper for a plaintiff who claims a number of tracts of land from a single title, to join as parties defendant all those in possession of the different tracts, although they claim under separate and distinct titles.

4. APPEAL—NONSUIT.—Point not made as ground for nonsuit on Circuit will not be considered on appeal.

5. IBID.—IBID.—ADDITIONAL GROUNDS.—On appeal from order of nonsuit respondent cannot ask that judgment of nonsuit be sustained on ground that Judge erred in admission of evidence in favor of appellant.

Before GAGE, J., Horry, October term, 1900.   Reversed.

Action by Solomon G. Lewis and William H. Smalls against Quincy Hinson *et al.* From judgment of nonsuit plaintiffs appeal.

When this case was called for trial on December 1, 1902, respondents made a motion to dismiss the appeal, on the ground that a previous order of this Court required the amended "Case" to be served in full time for hearing at the November term, beginning November 25th, when it was only served November 28th. Motion refused.

*Mr. Fred. D. Bryant,* for appellants, cites: *What are tenants in common?* 1 Wash. Real. Prop., 685. *As to improper joinder of plaintiffs:* Code, 138, 139, 140; Pomeroy, secs. 196, 197, 198, 220; Wait Prac., 110, 114; 24 S. C., 39; 26 S. C., 478.

*Messrs. Johnson & Quattlebaum,* contra, cite: *The one fee here cannot be merged into the other:* 30 S. C., 302; 47 S. C., 305; 57 S. C., 187. *And these plaintiffs cannot sue together, and this appears from the proof:* Code, 165, 168; 18 S. C., 584; 1 Wait Prac., 119; Code, 144; 17 S. C., 163; 16 S. C., 220; 1 Black., 180. *Nonsuit is proper in absence of all testimony on material issues:* 25 S. C., 24; 5 Rich., 541; 8 S. C., 258; 48 S. C., 472; 2 Bay, 457; 48 S. C., 394.

December 13, 1902. · The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order of nonsuit. The complaint of Solomon G. Lewis and Wm. H. Smalls contains the following allegations: "(1) That they have lawful title to the following described real estate, situate in the county and State aforesaid, containing one thousand acres, more or less, granted to W. H. Grice, 6th day of May, 1816, and conveyed by said Grice to Enoch Stevens, 7th October, 1821, lying in and around Cart Wheel Bay and Fifteen Mile Bay, as the plat accompanying the grant will show. (2) That plaintiffs are informed and believe that each and all the defendants except the first named defendant, Quincy Hinson, derive or claim title from the first named defendant (Quincy Hinson), either mediately or immediately, and they allege the same to be true, and each is in possession of a part of the same. How much each one claims or is in possession of or cultivates is unknown to plaintiffs. (3) And that the defendants each and all are in possession of part of the said real estate, and unlawfully withhold possession of the same from the plaintiffs."

The answer contains the following defenses: "Fourth. The defendants, as a further defense, allege that the plaintiffs have included in their complaint nine separate causes of action, to wit: one against Quincy Hinson, one against John Williamson, one against H. G. Harrelson, one against W. W. Jordan, one against Melvin White, one against Curtis Williamson, one against B. H. Hinson, one against M. D.

Elliott, and one against the wife of M. D. Elliott. The said nine causes of action are against separate and distinct parties, who own, occupy and use their respective portions of land claimed by the plaintiffs by several and distinct titles, who work, use and occupy their several portions of the said land separately and independently of each other, having no joint use, occupation or title to the same, and there being nothing in the complaint to show what land each defendant owns, but all are joined as holding the whole land sued for. * * * Sixth. As a further defense, they allege that upon a proper location of the grant to William H. Grice for one thousand acres of land on the 6th day of May, 1816, it covers none of the land in the possession of any of the defendants. And that upon the location of the same contended for by the plaintiffs, there are only one hundred and ninety-six acres of the same in possession of these defendants, as follows: Quincy Hinson is in the possession of sixty-five acres; Melvin White is in the possession of twenty-three acres; M. D. Elliott is in the possession of thirty-three acres; B. H. Hinson is in the possession of twenty-five acres; and Gaston Harrelson and W. W. Jordan are in the joint possession of fifty acres, all aggregating one hundred and ninety-six acres, and these portions are covered by older grants, a large part of the said grant to the said Grice being covered three or four times by older grants."

At the conclusion of the testimony for the plaintiffs, the defendants made a motion for a nonsuit on the grounds, "that there are eight or nine separate pieces of land involved; that the boundaries and extent of no one of the pieces are given in such a way that the jury can find a verdict in favor of the plaintiffs; that there is no evidence as to what the damages are on the part of Quincy Hinson, or either of the other parties, and that the proposition of the plaintiffs probably was that the Court would be called upon to instruct the jury how their verdict would be reached. That the defense was distinctly set up in the answer, and that it was supposed that the plaintiffs would see the difficulty of the situation and

would endeavor to show that the various parties were in pos-·
session under Hinson; but that they could not proceed so as
to obtain a verdict against Hinson, against Williamson,
against Harrelson, against White and others without setting
forth in their complaint the boundaries and extent of the
claims of each of the parties."

Upon the motion for nonsuit the presiding Judge ruled as
follows: "This is an action to recover land. The plaintiffs
cannot maintain the action unless they are tenants in common
of the land in dispute. To constitute them tenants in com-
mon they must hold by unity of title. They both claim
under Hugh G. Stevens, who appeared to hold the fee up to
the civil war. The heirs at law of Hugh G. Stevens have
conveyed to the plaintiffs, but some of the heirs made one
deed to one of the plaintiffs, and some another deed to the
other of the plaintiffs. Some of the deeds appear to convey
only an estate to one of the plaintiffs for the life of the plain-
tiff. The matter is not mended by a subsequent deed in fee
by all the heirs to the plaintiffs together. If one of the plain-
tiffs had before taken an estate for his life, it would not be
merged in the fee by a deed in fee thereafter to that taken
and another together. If the deeds from the heirs to one of
the plaintiffs conveyed not a life estate, but the fee, then the
heirs could not thereafter, by another deed, lodge the fee in
the two plaintiffs together. The plaintiffs do not hold by
unity of title. The motion for a nonsuit is, therefore,
granted."

The plaintiffs appealed upon the following exceptions:

"First. Because his Honor erred in granting the motion,
his Honor holding that the deed No. 8, on the abstract here-
with printed, from M. C. Jenrett, one of the heirs at law of
Hugh G. Stevens, to Wm. H. Small, one of the plaintiffs, for
her interest in the 1,000 acres granted to Wm. H. Grice,
dated 6th May, 1816, which deed it was contended only con-
veyed a life estate, there being no words of inheritance either
in the premises or the habendum clause of the deed, did not
merge in the joint deed of herself and the other heirs of the

said Hugh G. Stevens, afterwards made for the interest in fee in the said 1,000 acre grant to Solomon G. Lewis and W. H. Small, the plaintiffs (No. 10 on the abstract of title herewith printed), and in not holding that whether it merged or not, either plaintiff was entitled to recover whatever he proved himself entitled to, though they were suing jointly, and, therefore, the motion should have been refused.

"Second. It is further respectfully submitted that the motion for a nonsuit should have been refused, because the widow of Hugh G. Stevens (now Mrs. Herring) was entitled to one-third of his real estate, and she never had conveyed her interest in the 1,000 acre grant to said Wm. H. Grice until she joined her three daughters in the title (fee simple) of date 23d February, 1893 (No. 10 on abstract of plaintiff's title), to Solomon G. Lewis and W. H. Small; and in any event, plaintiffs jointly were entitled to her one-third interest, and should in any event have been permitted to go to the jury with it, and should not have been nonsuited.

"Third. Because under the liberal practice of the Code it is not necessary that the interests of all who are joined as plaintiffs should be of the same quantity or quality, but it is only necessary that those who are joined as plaintiffs should have some interest in common in the subject of the action, and the plaintiffs having introduced competent evidence of a common interest in the subject of the action, the nonsuit should not have been granted."

The following notice of appeal was served by defendants: "Take notice, that the defendants intend to appeal to the Supreme Court from the ruling of the presiding Judge, made herein at the October term of Court for Horry County, in not sustaining defendants' motion for a nonsuit on additional grounds to the one he placed it upon. Take notice, further, that the defendants will ask the Supreme Court, if they cannot sustain the decree, order or decision of said Judge on the ground mentioned by him, that they sustain the said decree, order or decision on the other grounds taken by the defend-

ants before said Judge and on grounds hereafter to be submitted."

The defendants also served the following notice: "The respondents will seek to have the order of his Honor, Judge Gage, sustained if necessary on the following additional grounds: (1) Because his Honor, Judge Gage, committed error, it is respectfully submitted, in permitting plaintiffs by their witness to testify to oral declarations of defendant, Hinson, and of others of the defendants, as to conveyance by Hinson, tending to show that the other defendants hold under Hinson; whereas plaintiffs should have been required, it is respectfully submitted, to confine their testimony to the paper title, if any, as the highest evidence, and that all such testimony or declarations should have been excluded, defendants having duly excepted to rulings of the Judge in admitting the said declarations."

We will first consider whether his Honor, the Circuit Judge, erred in granting the nonsuit, on the ground that the plaintiffs were not tenants in common. The complaint purports to set forth but a single cause of action. But even conceding that the allegations of the complaint, though combined in one statement, do contain two causes of action, there was no motion in the first instance to make the pleadings definite and certain, by arranging into distinct causes of action, nor to strike out any of the allegations as surplusage. Furthermore, it does not appear that the defendants attempted to take advantage of this alleged defect in any manner except upon the motion for a nonsuit. In section 446 of Pomeroy's Code Remedies, the author says: "Three forms or modes of alleged misjoinder are possible, and they must be examined separately in respect to the manner in which the objection thereto should be taken. They are: (1) When different causes of action which may properly be united are alleged in the one complaint or petition not distinctly and separately, as required by the statute, but combined and mingled together in a single statement. (2) When different causes of action which cannot properly

be united are alleged in one complaint or petition, and are separately and distinctly stated. (3) When different causes of action which cannot properly be united are alleged in the one complaint or petition not distinctly and separately, but combined and mingled together in a single statement." In section 451, the author, in discussing the third division, uses this language: "* * * It is always difficult, if not impossible, to determine with exactness, whether a complaint or petition does contain two or more different causes of action, when the allegations are thus combined into one statement. If the averments are found sufficient to express one cause of action, it may generally be said that the other averments are mere surplusage, which should be rejected on a motion made for that purpose, and not the material allegations that set forth a second cause of action. For these reasons, which are based chiefly upon notions of convenience, a demurrer does not seem to be an appropriate remedy until the causes of action have been separated, and it is known with certainty what and how many they are. In this case, therefore, the more convenient practice would seem to be a motion, in the first instance, to make the pleadings more certain and definite by arranging it into distinct causes of action, or a motion to strike out the redundant matter as surplusage, and thus reduce it to a single definite cause of action. The latter order would take the place of a demurrer, the former would follow by a demurrer after the causes of action had been separated." In the case of *Hellams* v. *Switzer,* 24 S. C., 42, Mr. Justice McGowan uses this language: "* * * When the complaint contains more than one cause of action, the very important question may arise, whether they are of such a character as may be joined in the same complaint. But, of course, there must be more than one cause of action stated in the complaint, before that question can arise; and to be a cause of action, the matter must be stated separately—'that is, each must be set forth in a separate and distinct division of the complaint in such manner that each of these divisions might, if taken alone, be the subject of an independent action.'—

37—64

Pom. Rem., sec. 442. *Hammond* v. *Railroad Company,* 15
S. C., 10. If the plaintiff endeavors to state more than one
cause of action, and merely fails to give them in form and
manner, distinct and separate existence, it is considered a
vice in pleading; but the remedy is not by demurrer, but by
notice to make the pleading more definite and certain, by
separating and distinctly stating the different causes of
action—Pom. Rem., sec. 447." The case of *Hellams* v.
*Switzer* is cited with approval in *Bostick* v. *Barnes,* 59 S. C.,
22, and throws light upon the case under consideration. The
foregoing authorities satisfy us that the motion for nonsuit
was not the defendants' appropriate remedy for the alleged
defect in the plaintiffs' testimony. Of course, if only one of
the plaintiffs was entitled to the land or any portion thereof,
the verdict should be in his favor, but not in favor of both
plaintiffs. The exception raising this question is sustained.

We will next consider whether the nonsuit should have
been sustained upon the additional ground that the defend-
ants claim respective portions. of the land described in the
complaint under several and distinct titles, and that they
were, therefore, improperly joined in one action.

3      Waiving the objection that this ground could not
properly be urged upon a motion for a nonsuit, it
nevertheless cannot be sustained. It will be observed that it
was not urged that the plaintiffs' alleged claim rested upon
several and distinct titles, but that the defendants owned
their respective portions of the land by separate and distinct
titles. In sec. 295 of Pom. Code Rem., the rule is thus
stated: "In an action to recover possession of an entire tract
or parcel of land, when the claim of the plaintiff to the whole
rests upon and is derived from a single title, he may and, un-
less their occupation is distinct, should join all the actual
occupants or tenants of the tract, even though they may be in
possession of separate and distinct portions thereof, and may
hold, possess and claim under separate and distinct titles.
* * * If the plaintiff, however, claims separate portions of
an entire tract under distinct titles, and each of these portions

is possessed or occupied by a different person, holding under a separate right or title from the others, he cannot join all these occupants in a single action; a suit must be brought to recover each portion against the occupant thereof; the mere fact of propinquity would not produce any community of interests."

The respondents' additional ground assigning error on the part of his Honor, the presiding Judge, in permitting certain testimony to be introduced upon the trial of the case cannot be considered. Not only must this exception be overruled for the reason that this was not made a ground in the motion for nonsuit—*Graham* v. *Seignious,* 53 S. C., 132, 31 S. E. R., 51—but there are other reasons why this exception cannot be sustained. This is an action at law, and conceding that the Circuit Court erred in the admission of testimony, it does not follow that the judgment of nonsuit should be sustained. Even if the jury had found a verdict in favor of the defendants, they could not rely upon the fact that the Court erroneously admitted testimony to sustain the judgment entered thereon. In the case of *Bonham* v. *Bishop,* 23 S. C., at page 105, the Court says: "The additional grounds upon which the respondent seeks to sustain the judgment below, notwithstanding there may have been error in the charge, cannot be considered. While it is true that a judgment below in a case tried by the Court may be affirmed upon other grounds than those upon which the Circuit Judge placed it, the same is not true of a case tried by a jury. If the erroneous instructions have been given to the jury, we cannot know that the conclusions reached by the jury was not the result of such instructions, and, therefore, this Court is bound to grant a new trial, even though there may be other correct legal propositions applicable to the case, which if they had been laid before the jury might have induced them to find the same verdict. * * * A verdict is the compound result of the legal instructions given to the jury by the Court and of their findings of fact applied to the legal principles laid down for their guidance; and if

there is error in the instructions then there is necessarily error in the judgment, and it must be reversed." This case is cited with approval in *Rice* v. *Bamberg,* 59 S. C., at page 508. And even when the error of the Circuit Court consists in the refusal to grant a nonsuit, the Supreme Court in reversing the order refusing the nonsuit will not adjudge that the nonsuit be granted, but that there should be a new trial. The rule is thus stated in *Sampson* y. *Mfg. Co.,* 51 S. C., at page 466: "If the nonsuit was improperly refused, and the nature of the plaintiff's demand was such that no lawful recovery could be had, this Court will grant the motion and dismiss the plaintiff's complaint. If, however, it was merely a case of insufficiency of proofs adduced at the trial to support a cause of action in itself of a proper legal nature, this Court will not dismiss the complaint upon appeal, but order a new trial, to afford the plaintiff an opportunity to make better proofs." To the same effect is *Willis* v. *Knox,* 5 S. C., 474. These cases are cited with approval in *Townes* v. *City Council,* 46 S. C., at page 38, 23 S. E. R., 984; and *Elmore* v. *Davis,* 48 S. C., 394, 26 S. E. R., 280. A motion for nonsuit is the appropriate remedy when there is failure of testimony on the part of the plaintiff to sustain the material allegations of the complaint, but not for the purpose of correcting errors of the Court in the admission of testimony.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.