6688

## WILSON v. VIRGINIA-CAROLINA CHEMICAL CO.

1. ISSUES—MASTER AND SERVANT.—In this case whether the parties pushing the car over the track had, by their negligence, brought upon deceased such a sudden emergency as to excuse him from trying to escape on the less safe side of the track, was an issue for the jury.

2. MASTER AND SERVANT—FELLOW-SERVANT.—The foreman of a rock-crushing mill, the miller and the foreman of the servants pushing a car along a track in a rock-crushing plant, are fellow-servants of a servant shoveling together scattered rocks about the track, and the master is not liable for injury to him by the negligence of such fellow-servants.

Before            J., Charleston, April, 1907.    Reversed.

Action by Lizzie Wilson, administratrix of Wm. Wilson, against Virginia-Carolina Chemical Co. From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood* and *Simeon Hyde,* for appellant. *Mr. Hyde* cites: *Danger was obious and must have been known by deceased:* 71 S. C., 53; 75 S. C., 489. *Parties at work were fellow-servants and question was for Judge:* 75 S. C., 489; 71 S. C., 53; 51 S. C., 79; 56 S. C., 446; 72 S. C., 264, 237; 57 S. C., 296. *If only one inference can be drawn from evidence question of negligence is for court:* 51 S. C., 296.

*Mr. Jas. L. Jervey* and *Jervey & Cohen,* contra. *Messrs. Jervey & Cohen* cite: *Was the employee whose negligence caused the death of deceased performing the duties of the master:* 18 S. C., 270; 23 S. C., 528; 26 Pac., 655; Bail. on M. & S., 318; 116 U. S., 642. *Who is this representative is for the jury:* 51 S. C., 96; Bail. M. & S., 317, 318; 32 Ill., 598; 23 S. C., 526; 22 S. C., 557; 10 Tenn., 74; 73 S. C., 570. *Contributory negligence cannot be considered as a ground of nonsuit:* 56 S. C., 95; 58 S. C., 228; 59 S. C.,

311; 67 S. C., 136; 29 S. C., 303; 34 S. C., 211; 41 S. C., 415; 42 S. C., 466.

October 15, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, as administratrix of the estate of William Wilson, recovered judgment against the defendant for fifteen hundred dollars, under these allegations charging the intestate's death to have been caused by defendant's negligence: "That on or about the 14th day of March, 1906, the plaintiff's intestate was in the employ of the defendant company and was actively engaged in his duties, which consisted in shoveling up scattered phosphate rock from the space in front of the door of a certain building into which phosphate rock was being discharged from cars, through which space ran a railroad track. That while so engaged and intent upon his work, a railroad car, loaded with phosphate rock, was carelessly and negligently pushed along said railway track by the agents and employees of the said defendant company; that no signal was made, nor warning given of the movement of said car.

"That by reason of said carelessness and negligence of the defendant as aforesaid, the said car struck the said William Wilson, and crushed him between the said moving car and said building, and he was thereby injured, so that he then and there died."

A motion for nonsuit was made on these grounds: (1) that it appeared from the testimony that the injury to the plaintiff's intestate was caused by the negligence of fellow-servants who were not doing any part of the duty of the master; (2) that the injury to the plaintiff's intestate was due to his own contributory negligence as a proximate cause thereof; (3) that there was no evidence of the negligence of the defendant which could support the verdict in the case.

The main question in the appeal was whether the Circuit Judge was right in refusing the motion for nonsuit.

The evidence verifies the complaint as to the mechanical means by which Wilson met his death. While it is far from clear that the failure to give a signal of the approach of the car was the proximate cause of the accident, on this point there was evidence to go to the jury. It is true Wilson was aware of the approach of the car and called to White, who was working with him, to get out of the way, and he could have escaped by getting off of the track as White did, on the safe side away from the house against which he was crushed; yet the evidence made a question of fact as to whether the car was so close on him when he saw it, that even a man of ordinary coolness and discretion would not be responsible for an unwise choice of means of escape. Whether those who were pushing the car had, by their negligence, brought upon Wilson such a sudden emergency as to arouse him from trying to escape on the less safe side of the track, was an issue of fact not to be decided on a motion for nonsuit.

There is not the least doubt, however, that the men who were pushing the car, including Robinson, who was the foreman, were fellow-servants of Wilson, and the nonsuit should have been granted on that ground. Charlie Sanders was the miller and foreman of those working in and immediately at the mill, and deceased and White were working under his orders. Sam Robinson was foreman of the gang pushing the car. He and Sanders were nothing more than gang foremen, both working under the orders of Happolt, who was the boss in charge of all the laborers referred to in the testimony. These foremen had no power to hire laborers, provide machinery or the place of labor, or to do any duty imposed by law on the master. They were, therefore, fellow-servants of the deceased and the master is not responsible for their negligence. *Shirley* v. *Abbeville Co.,* 76 S. C., 452, and authorities cited. *Tucker* v. *Buffalo Mills,* 76 S. C., 539; *Biggers* v. *Catawba Co.,* 72 S. C., 264, 51 S. E., 882; *Bryant* v. *Mfg. Co.,* 75 S. C., 487.

Even if it be considered that the deceased and those who were pushing the car were servants employed in different departments of the same general business, this would not avail the plaintiff. *Gunter* v. *Mfg. Co.,* 15 S. C., 455. The change in the law on this subject, made by the Constitution of 1895, affects only the employees of railroad corporations.

The nonsuit should have been granted.

The record does not indicate the action was commenced after the adoption of rule 27 of this Court, and, therefore, the cause must be remanded for a new trial.