*Hon. YOUNG J. POPE, Chief Justice.
Hon. EUGENE B. GARY, Associate Justice.
Hon. IRA B. JONES, Associate Justice.
Hon. C. A. WOODS, Associate Justice.

7064

GERMAN-AMERICAN INSURANCE CO. v. SOUTHERN RY.

1. Judgment of Supreme Court.—In actions begun before adoption of Rule XXVII upon reversal of Circuit Judge in refusing to direct a verdict and to grant a new trial, the effect is to grant a new trial on circuit.

2. Amending Pleadings—Cause of Action.—After case has been remanded for new trial, the plaintiff may have leave, under sec. 194 of Code of Procedure, if in furtherance of justice, to amend his complaint so as to state a new cause of action arising out of the same transactions stated in the first complaint.

Before WILSON, J., Fairfield, September, 1907. Affirmed.

Action by German-American Insurance Company and Millett & Company against Southern Railway Company. From order permitting complaint amended, defendant appeals.

*Chief Justice Pope resigned in January, to take effect April 15th. Mr. Justice Jones was elected Chief Justice, and Judge Hydrick Associate Justice.

1—82

*Messrs. Abney & Muller,* for appellant, cite: *Judgment of this Court is final:* 75 S. C., 572; 77 S. C., 323. *Order permitting amendment is error:* 41 S. C., 86; 43 S. C., 230; 29 S. C., 161; 50 S. C., 398; 63 S. C., 307; 64 S. C., 491; 70 S. C., 270; 74 S. C., 243; 79 S. C., 270; 28 S. C., 449; 54 S. C., 113; 57 S. C., 256; 66 S. C., 342; 32 S. C., 145; 43 S. C., 225.

*Messrs. Miller & Whaley* and *J. E. McDonald,* contra. *Mr. McDonald* cites: *Effect of judgment of this Court was to grant a new trial:* Code of Proc., 11, 12; 22 S. C., 313; 77 S. C., 319; 5 S. C., 465, 474; 19 S. C., 20, 121, 30; 46 S. C., 38. *Amendment properly allowed under sec. 194 of Code of Proc.:* 51 S. C., 313.

November 24, 1908.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The plaintiff, German-American Insurance Company, under the principle of subrogation, seeks to recover of the defendant the sum of fifteen hundred and sixty dollars and eighty-four cents, the amount of insurance paid by it to the other plaintiffs, the owners of cotton destroyed by fire on the defendant's platform.  The vital allegation in the original complaint, on which the liability of the defendant depended, was that the cotton was placed on the platform with the knowledge and consent of the defendant, and there destroyed by fire communicated by sparks from its locomotive engine.  The plaintiff, German-American Insurance Company, recovered in the Circuit Court, but on appeal the judgment was reversed on the ground that the cotton was placed on the platform under a valid contract, made between the owner and defendant railroad company, exempting the railroad company from liability in these words: "This cotton is deposited on premises of the Southern Railway Company, and the same remaining upon the premises of this company without its con-

sent and at your sole risk until tendered and accepted for shipment.   W. B. Creight, Agent."

The judgment of the Supreme Court reversing the judgment of the Circuit Court rested on exceptions alleging error in the refusal of the Circuit Court to direct a verdict for the defendant, and the refusal to grant a new trial.

Thereafter the defendant made a motion, in the Circuit Court, for an order dismissing the complaint and granting leave to enter up judgment for costs against the plaintiffs. The plaintiffs opposed this motion and moved for leave to amend their complaint by incorporating into it the statement of another cause of action, the vital allegation of which was that the communication of fire from the locomotive engine to the cotton was due to the negligence of the defendant.   The defendant's motion to dismiss the complaint was refused, and the plaintiffs' motion to amend was granted.

The action was instituted before the adoption of Rule 27; and, therefore, the general reversal of the judgment of the Circuit Court on an appeal alleging error in the refusal to direct a verdict, and also the refusal to grant a new trial did not have the same effect as if the verdict had been directed by the Circuit Court, but its effect was to send the case back for a new trial. *Lewis* v. *Hinson,* 64 S. C., 571, 43 S. E., 15; *Wilson* v. *Virginia-Carolina C. Co.,* 78 S. C., 381, 58 S. E., 1019.

The point that the Circuit Court had no power to allow an amendment setting up a new cause of action has been decided against the contention of the defendant in the recent case of *Taylor* v. *A. C. L. R. R. Co.,* 81 S. C., 574.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES *dissents for reasons stated in Taylor* v. *Atlantic Coast Line R. R. Co.*