### 8141

THE HOLLIDAY CO. v. RALEIGH & CHARLESTON R. R. CO.

AMENDING PLEADINGS.—A COMPLAINT may be amended by changing one cause of action or by inserting a new cause of action, where the allegations all relate to the same transactions.

Before SHIPP, J., Marion, May, 1911. Affirmed.

Action by The Holliday Co. against Raleigh & Charleston R. R. Co. Defendant appeals.

*Mr. M. C. Woods,* for appellant, cites: 64 S. C. 493; 81 S. C. 579; 82 S. C. 1.

*Mr. Jas. W. Johnson,* contra, cites: 83 S. C. 557; 50 S. C. 398; 85 S. C. 259; 82 S. C. 1; 81 S. C. 514.

March 21, 1912.   The opinion of the Court was delivered by

MR. JUSTICE FRASER.   This is an action for damages to stock.

The plaintiff alleges: "That on or about the 12th day of December, A. D. 1906, the plaintiff delivered, or caused to be delivered, to the defendant, through its agent and connecting line, the Atchison, Topeka and Santa Fe Railway Company, at Blackwell, in the now State of Oklahoma, and the defendant received twenty-nine (29) horses and mules, the property of the plaintiff, which the defendant, as a common carrier as aforesaid, promised and agreed, in consideration of a reasonable compensation paid, or to be paid it, safely and promptly to carry to Marion, in the county of Marion, and State of South Carolina, and there to deliver the same to the plaintiff."

By the fifth paragraph of the complaint, the plaintiff alleges: "That defendant did not safely and promptly carry and deliver said mules and horses pursuant to said agreement, but on the contrary, kept said animals on the road for a much longer time than was necessary, and negligently exposed them to the cold and freezing weather, and otherwise neglected them, and as a direct result thereof all of said animals were made sick, and seven of them died almost immediately after they were delivered to plaintiff.   That six of said animals died within less than twenty-four hours after the defendant delivered them, and one soon thereafter, and the remainder were greatly damaged from the causes aforesaid."

In the seventh paragraph the plaintiff alleges: "That on the 8th day of March, 1907, plaintiff filed with the defendant's agent at Marion, South Carolina, a claim made out in detail showing said loss, but the defendant has never adjusted nor paid the same, nor any part thereof, nor has the defendant traced said shipment and informed plaintiff

when, where and by which carrier the said animals were damaged and destroyed, and plaintiff alleges that defendant is responsible for said loss and damage to the extent of one hundred dollars on each animal, the bill of lading limiting defendant's liability on each animal to one hundred dollars," and claims judgment for fourteen hundred and thirteen dollars.

After the pleadings were made up, the plaintiff gave notice of motion to amend the complaint and served with the notice a copy of the complaint as he would have it amended. This new complaint had two causes of action, setting out the same injury to the stock and negligence, but the seventh paragraph of the complaint was omitted in the first cause of action and plaintiff sought to allege that defendant itself had damaged the stock.

Under the second cause of action, the plaintiff set up that in addition to the claim filed on the 8th day of March, 1907, the plaintiff had, on the 25th day of April, 1907, filed with the defendant, an additional statement and that the defendant had not traced the damage, and was, therefore, responsible. The motion was heard by Judge Shipp and an order granted allowing the complaint amended, as moved for. The defendant appealed on the following exceptions:

1. "Because his Honor erred, it is respectfully submitted, in allowing the plaintiff to amend its complaint by omitting therefrom the seventh paragraph of the complaint, in that, plaintiff having elected to sue on a specific contract of limited liability, cannot eliminate by way of amendment the remedy upon which it elected to sue and base its action on an entirely different remedy, it being submitted that the Code authorizes amendments only which are material to a cause of action which has been defectively stated, and does not authorize a substantial change in the cause of action; it being further submitted that there was no defect in the cause of action as originally stated, and the amendment corrects no defect, but, on the contrary, substantially and entirely changes from one

cause of action based on one remedy to another cause of action based on another remedy.

2. "Because his Honor erred, it is respectfully submitted, in allowing the plaintiff to amend its complaint by setting up a second cause of action; it being submitted that the original complaint having been limited to one cause of action based on a specific remedy, is not amended by the insertion of a second cause of action based on an entirely different remedy, such second cause of action being in effect and in fact an entirely different and independent suit, containing all the elements necessary to a perfect cause of action; and it was error to allow such so-called amendment when the same was an amendment of a change of cause of action or the insertion of another cause of action in the original cause of action; it being further submitted that the Code does not authorize the insertion of a second cause of action, when such cause of action is necessarily independent, by way of amendment."

The first exception is overruled. Authority for this will be found in *Taylor* v. *Railroad Company,* 81 S. C. 579, 62 S. E. 1113, where Mr. Justice Woods, delivering the opinion of the Court, says:

"The cases in this State are irreconcilable and there is a great contrariety of opinion on the subject in other jurisdictions. * * * The important matter is to state a fixed rule on which the Courts and the Bar may rely. Sec. 194 provides: * * * Under this section the power of the Court to allow amendment 'by correcting a mistake in the name of a party or a mistake in any other respect' is unlimited, except by the obligation imposed by the statute on the Court to see that the amendment is in furtherance of justice, and that such terms are imposed as may be just. This power is conditioned on proof of a *bona fide* mistake in setting forth the plaintiff's rights and the defendant's invasion of them. Unless the amendment proposed relates to the same transaction or the same subject as the original complaint, then it is

manifest the plaintiff cannot claim to have made a mistake in the matter to which his pleading relates. When, however, the plaintiff makes the mistake of supposing one of his rights has been invaded by the defendant in one transaction or a series of transactions relating to the same subject, and discovers another and different right was invaded, it is within the power of the Court, when it appears to be in furtherance of justice, to grant the amendment though, in strictness the amendment amounts to a change of the cause of action, or the insertion of another cause of action."

This is full authority for overruling this exception.

The second exception is likewise overruled and full authority for overruling this exception is found in the *Insurance Company* v. *Southern Railway,* 82 S. C., 3, 62 S. E. 1115, where the opinion was likewise delivered by Mr. Justice Woods, in which the Court says:

"The point that the Circuit Court has no power to allow an amendment setting up a new cause of action, has been decided against the contention of the defendant in the recent case of *Taylor* v. *A. C. L. R. R. Co.,* 81 S. C. 574, 62 S. C. 1113."

The judgment of this Court is that the order appealed from be, and the same is hereby affirmed, and the case remanded to the Circuit Court for such further proceedings as may be proper.