## 11935

## MALLARD LUMBER CO. v. CAROLINA PORTLAND CEMENT CO.

### (132 S. E., 614)

1. PLEADING—ADDITIONAL CAUSE OF ACTION MAY BE SET UP IN AMENDED COMPLAINT, SERVED WITHIN PROPER TIME (CODE CIV. PROC., 1922, §§ 435, 436).—Under Code Civ. Proc., 1922, § 435, additional cause of action may be set up in amended complaint served within proper time; Section 435 not being controlled by limitations in Section 436.

2. APPEAL AND ERROR—ADDITIONAL CAUSE OF ACTION SEEKING RECOVERY OF AMOUNT ALLEGED IN COUNTERCLAIM TO HAVE BEEN PAID ON ACCOUNT, ALLEGING PAYMENT UNDER DURESS, ALTHOUGH ERRONEOUSLY STRICKEN, IS CONCLUDED BY FAILURE TO REPLY TO COUNTERCLAIM.—Where counterclaim alleged account owing from plaintiff with $400 payment thereon, additional cause of action in amended complaint seeking recovery of such $400 because paid under duress, although erroneously stricken, was concluded by failure to reply to counterclaim and eliminated thereby.

3. APPEAL AND ERROR—CONCLUSION OF TRIAL COURT ON MOTION FOR LEAVE TO FILE REPLY TO COUNTERCLAIM AFTER REQUIRED TIME WILL NOT BE DISTURBED, IN ABSENCE OF ABUSE OF DISCRETION.—Motion for leave to file reply to counterclaim not filed within time required by law is within discretion of trial Court, and his conclusion will not be disturbed in absence of abuse of discretion.

4. PLEADING—GRANTING MOTION FOR JUDGMENT ON COUNTERCLAIM HELD ERRONEOUS, PROOF BEING REQUIRED BEFORE JURY, AND PARTICULARLY WHERE DEFENDANT ADMITTED PLAINTIFF'S ACCOUNT AND PRACTICALLY OFFERED TO ALLOW DIFFERENCE BETWEEN IT AND COUNTERCLAIM (CODE CIV. PROC., 1922, § 526).—Order granting motion for judgment on counterclaim after failure to serve reply within required time *held* erroneous under Code Civ. Proc., 1922, § 526, requiring proof before jury as in cases of default of answer, and particularly where defendant had admitted plaintiff's account and practically offered to allow judgment for difference between it and counterclaim.

Before MAULDIN, J., Charleston, November, 1924.   Order modified, and case remanded, with directions.

Action by the Mallard Lumber Company against the Carolina Portland Cement Company.   From an order striking out plaintiff's second cause of action and refusing leave to plaintiff to reply to counterclaim and rendering judgment for the defendant on its counterclaim, plaintiff appeals.

*Messrs. Raymon Schwartz* and *McMillan & Heyward,* for appellant, cite: *Pleadings may be once amended of course:* Code Civ. Proc. 1922, Sec. 435. *Joinder of causes allowed:* Code Civ. Proc. 1922, Sec. 430. *Causes of action upon contract may be joined:* 63 S. C., 307; 41 S. E., 456. *Failure to demur for misjoinder waives the defect:* 80 S. C., 139; 9 S. C., 277; Code Civ. Proc. 1922, Sec. 405. *Question of misjoinder may be raised by demurrer:* 47 S. C., 211. *Court may give relief from mistake of counsel:* 82 S. C., 502; 64 S. E., 412; 69 S. E., 68; Code Civ. Proc. 1922, Sec. 437. *Radical error in judgment may be remedied by appeal:* 89 S. C., 383; 73 S. E., 15.

*Messrs. Moffett & Hyde,* for respondent, cite: *Pleadings may be once amended of course:* Code Civ. Proc. 1922, Sec. 435. *Character of amendments permitted:* 80 S. C., 217; 74 S. C., 243; 24 S. C., 475; 21 R. C. L., 580; 5 Ann. Cas., 674; 47 L. R. A. (N. S.), 932. *Court may give relief from mistake; matter of discretion:* Code Civ. Proc. 1922, Sec. 437; 51 S. C., 405; 17 S. C., 451. *No appeal lies from discretionary acts except for abuse of discretion:* 108 S. C., 49; 93 S. E., 243; 104 S. C., 419; 89 S. E., 466; 53 S. C., 222; 31 S. E., 226. *What is "abuse of discretion":* 47 S. C., 488.

March 8, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal by the plaintiff from an order of Hon. T. J. Mauldin, Circuit Judge, presiding at Charleston, striking

out the plaintiff's second cause of action, refusing leave to the plaintiff to reply to the counterclaim set up by the defendant, and rendering judgment in favor of the defendant for $572.65, the amount of its counterclaim.

On March 14, 1924, the plaintiff brought an action against the defendant for $810.82, upon an account for lumber sold and delivered. The defendant answered the complaint and admitted the sale and delivery of the lumber at the stated price and that it had not paid the plaintiff therefor, but without giving any ground or reason therefor denied that "the said sum is now due and owing to the plaintiff by the defendant." The defendant then proceeded to set up a counterclaim for $572.65, which it alleged was due by the plaintiff on account of cement which the defendant had sold and delivered to Chitwood & Co., subcontractors of the plaintiff in certain road work which the plaintiff had undertaken, amounting to $972.65, upon which the plaintiff had paid $400.00, the payment of which account the plaintiff had assumed both under its bond to the highway commission and in writing to the defendant.

Within 20 days after the service of the defendant's answer and counterclaim, the plaintiff served an amended complaint, which contained as a first cause of action the matter set forth in the original complaint, and as a second cause of action that the $400.00 paid by the plaintiff to the defendant upon the Chitwood account had been paid under duress and coercion, and should be returned to the plaintiff as for money had and received.

Within due time the defendant gave notice of a motion to strike out the second cause of action set up in the amended complaint upon the following grounds:

"(1) The proposed amendment of the allegation contained in the second cause of action are prejudicial to the proceedings already had in this case.

"(2) The proposed amendment is an attempted substitution of a new cause of action by way of amendment.

"(3) The proposed amendment is immaterial and irrelevant to the case and and to the issue already joined and is a substantial change of the cause of action.

"(4) That the proposed amendment by the insertion of the second cause of action is not one of the amendments permitted under the Code of Civil Procedure (1922) for South Carolina."

At the same time the defendant served an amended answer to the amended complaint, which contained the same defense to the first cause of action as had been set up in its original answer, a denial of the second cause of action, and the same counterclaim which had originally been interposed. In the counterclaim there is the following paragraph:

"That the defendant has duly tendered and offered to pay the plaintiff the sum of $238.17, being the difference between the amount claimed by the plaintiff in the first cause of action herein and the balance due by the plaintiff to this defendant, but that the plaintiff has failed and refused to accept the same."

The plaintiff did not, within the time required by law, serve a reply to the defendant's counterclaim, and on October 17, 1924, the defendant gave notice of a motion for judgment upon its counterclaim. The plaintiff then gave notice of a motion for leave to reply to the defendant's counterclaim. The several motions: (1) The motion of the defendant for an order striking out the second cause of action; (2) The motion of the plaintiff for leave to reply to the defendant's counterclaim; and (3) the motion of the defendant for judgment upon its counterclaim—came up before his Honor, Judge Mauldin, on November 1, 1924. He filed an order granting the first motion, refusing the second, and granting the third, and from it the plaintiff has appealed, assigning error in the disposition of all three motions.

As to the first motion, the motion to strike out the second cause of action: This cause of action was, as has been seen, contained in the amended complaint, which was served

within 20 days after the answer was served, under the claimed authority of Section 435 of the Code of Civil Procedure. In his order striking out the second cause of action his Honor, the Circuit Judge, held:

"The second cause of action set out in the amended complaint is clearly not one of the amendments permitted by the Code; it having no relation or connection with the cause of action alleged in the complaint. The proposed amendment does not attempt to correct a mistake in a cause of action defectively stated, but presents an entirely new cause of action and cannot, therefore, be allowed."

When it is considered that the latitude of amendment of course, under Section 435, is not controlled by the limitations contained in Section 436, applicable to amendments by the Court, and that after much variation in the decisions it has latterly been held that an additional cause of action may be set up, by amendment under Section 436, a *fortiori* may be set up under Section 435. See *Taylor v. R. Co.,* 62 S. E., 1113; 81 S. C., 574. *Insurance Company v. R. R. Co.,* 62 S. E., 1115; 82 S. C., 1. *Erskine v. Markham,* 66 S. E., 286; 84 S. C., 267. *Holliday v. R. Co.,* 74 S. E., 41; 91 S. C., 51. *Sims v. Insurance Co.,* 87 S. E., 999; 103 S. C., 214. *Furman v. Tuxbury Co.,* 99 S. E., 111; 112 S. C., 71.

The order in this respect was erroneous, but as the order as to the second motion must be sustained, the second cause of action, being a part of the defendant's counterclaim, is concluded by the admitted allegations of that counterclaim, and is eliminated by it.

As to the second motion, the motion for leave to file a reply to the defendant's counterclaim: This was a matter within the discretion of the Circuit Judge, and his conclusion will not be disturbed in the absence of an abuse of that discretion.

As to the third motion, the motion for judgment upon the defendant's counterclaim: The defendant's demand was unliquidated, and under Section 526 of

the Code the defendant should have been required to prove its counterclaim before a jury as in cases of default of answer.

The order for judgment was erroneous for another reason: The defendant admitted the plaintiff's account of $810.82, and practically offered to allow the plaintiff judgment for the difference between the plaintiff's account and the counterclaim, $238.17.

The case should be remanded to the Circuit Court for trial before a jury upon the defendant's counterclaim, at which trial the jury should be instructed to ascertain the amount due to the defendant upon its counterclaim, deduct that from the account admitted to be due the plaintiff, and render their verdict in favor of the plaintiff for the difference; and it is so ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.