12648

CLEVELAND *ET AL.* v. HOME INS. CO. OF NEW YORK
SAME v. FIDELITY FIRE INS. CO.

(148 S. E., 49)

290

*Mr. Joseph L. Nettles,* for appellants,

*Messrs. James H. Hammond,* and *James S. Verner,* for respondents,

May 1, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant Home Insurance Company of New York insured the plaintiffs against loss or damage by fire to their dwelling house in College Place, a suburb of the City of Columbia, to the amount of $1,000, for a term of one year from December 1; 1925. The defendant Fidelity Fire Insurance Company insured the same building in the sum of $2,000, in two policies of $1,000 each, one of the policies being for a term of one year from May 6, 1926, and the other for one year from April 10, 1926. The value of the building was fixed in each of the policies at $4,000. On or about May 23, 1926, the house was damaged by fire, and the plaintiffs and defendants not being able to agree upon the amount of damages, under the terms of the policy an appraisal agreement was entered into, whereby the insured named one appraiser and the insurer one, these two to select an umpire, whose duties would be to pass upon any differences that might arise between the appraisers. The submission provided that the appraisers should separately state the sound value of the building and the loss or damage to each item. Although

the umpire signed the award, it does not appear that any differences arose between the appraisers in making the award. The loss or damage was fixed in the award at $275. No finding as to sound value was made.

The plaintiffs refused to accept the amount of the award and brought action against the defendant Home Insurance Company on the policy issued by it for the whole amount, $1,000. The complaint, in the suit brought against the Fidelity Fire Insurance Company, set out a cause of action on each of the two policies in the sum of $1,000, and demanded an aggregate recovery of $1,500. The defendant set up the award as a bar to recovery. The two cases were tried together in the Richland County Court, the jury, by agreement of counsel, making one finding of the entire loss or damage. The verdict was for $550. At the proper time during the trial counsel for the defendants made a motion that a verdict for $275 be directed for the plaintiffs on the ground that the award was final. This motion the Court overruled.

By their exceptions the defendants impute error to the trial Court (1) in not directing a verdict for the plaintiffs for the amount of the award; and (2) with respect to certain portions of his charge to the jury. As the questions raised by the appeals taken in these two cases are identical, we shall consider and dispose of the appeal in the first case, which will dispose of the other case as well.

In the case of *McInnes v. Southern Home Insurance Co.*, 142 S. C., 348, 140 S. E., 696, the Court said: "The rule in this state, with reference to ascertaining and fixing, by submission and award, the loss or damage by fire to property covered by a fire insurance policy, is fixed by statute."

While the agreement to submit to an award in the present case does not provide that it shall be done in accordance with the statute, the Court will so construe it. *Aiken v. Home Insurance Co.*, 137 S. C., 248, 134 S. E., 870.

Under the decisions of this Court, the value of the building being fixed in the policy, the determination of its sound or actual value by the appraisers is not involved in the question submitted to be passed upon (*Aiken case, supra*) ; but, for the purpose of settlement of any partial loss under the policy, the amount of such loss must be determined by reference to the agreed value of the building as fixed in the policy. *Ford v. George Washington Fire Insurance Co.*, 139 S. C., 212, 137 S. E., 678.

In the case at bar it does not appear how the damage or loss was arrived at; the award should have shown that the loss was determined with reference to the agreed value of the house fixed in the policy. This not appearing, the award was not made in accordance with the submission—that is, in accordance with the statute—and was invalid and not a good defense to the action on the policy. For this reason the Court was not in error in overruling defendants' motion for a directed verdict.

The Court charged the jury that whether it is necessary that notice be given to the interested parties, in order that they may be present at the time of the arbitration, offer testimony as to the loss, etc., depends upon the circumstances of the case, and left it to them to say whether or not reasonable notice should have been given in the present case.

The position taken by the appellant is that such charge and holding vitiated the award and was reversible error, and counsel points out that the Court did not distinguish between rules governing arbitrations and those applicable to appraisals; that fixing the amount of loss caused by fire is not an arbitration, but is merely a method of ascertaining the amount of damage or loss, where both the fire and some loss are admitted.

The specific question raised by this assignment of error has never been passed upon by this Court. We have carefully examined and considered, however, the authorities cited from other jurisdictions, and are inclined to the view, in the agreement with the greater weight

of authority, that ordinarily notice is not necessary. We can conceive of cases, however, as suggested by the trial Court, where the taking of testimony would be necessary in order to enable the appraisers to correctly determine the loss or damage. For instance, where the appraisers are not experts, or are not familiar with such matters, or where it is evident that the damage was not caused alone by the fire, or where, for any reason, information is necessary, aside from the mere inspection of the damaged building, for the making of a correct and fair estimate of the loss suffered. In any such cases, proper notice to the parties would be necessary in order that they or their representatives might be present to make a statement or to offer testimony, and failure to give notice would vitiate the award made. And, of course, if any of the interested parties should request to be permitted to appear before the appraisers to make a statement or offer evidence with respect to the damage done, a refusal of such request by the appraisers would vitiate any award submitted by them.

With respect to the case at bar, a careful examination of the testimony taken at the trial does not disclose that there was any necessity, in order to arrive at a correct estimate of the loss, for the appraisers to take testimony. Therefore no notice to the parties was necessary. It appears that the appraisers were men familiar with the construction of buildings and of estimating loss or damage such as occurred in the present case. The damage done to the building was not great; one side of the house being scorched, and some damage being done to the roof and the inside of the building. No good reason appears why, under these circumstances, it was necessary for the appraisers to take testimony in order to arrive at a true estimate of the loss. As a matter of fact, it appears from the evidence that the plaintiffs, or some of them, had notice of the actual presence of the appraisers at the time the appraisal was made, and offered suggestions with respect to the damage done, especially with respect to that done to the inside of the house. We think,

therefore, that the trial Judge committed error in submitting the question of notice to the jury, and, if the award had been valid, such error would be ground for a new trial. But, as we have pointed out in our discussion and disposal of the first assignment of error, the award not being a good defense to the action on the policy, for the reason that it does not appear that it was made in accordance with the statute, the error here complained of was harmless.

The appellant also complains that the Court erred in ■■ charging the jury that, if it should appear after the award was made that it was for a grossly inadequate sum, this fact, while not evidence of fraud, might be evidence that the rights of the parties had not been duly safeguarded by the arbitrators. The appellant's contention is that this charge allowed the jury to substitute their judgment for the judgment of the appraisers.

If the award had been valid, this exception would be well grounded. However, as already shown, the award was invalid, and therefore not binding on the jury, who were consequently free to fix the amount of loss or damage, under the testimony adduced, according to their own judgment. This situation was exactly that which the appellant contends was brought about by the charge complained of, and therefore the error, if any, was harmless. We desire to say in passing, however, that a mere mistake of judgment on the part of the appraisers cannot and would not vitiate an award, even though the award is for an inadequate sum. The fact that others might think the amount fixed by the award inadequate can in no way affect it; and, if otherwise valid, it must stand, unless it is shown that there was fraud, actual or implied, or that the appraisers were not impartial. *Fass v. Fire Insurance Co.,* 105 S. C., 364, 89 S. E., 1040.

This being an action at law, the Court will not consider the respondent's additional ground for sustaining the judgment. *Bonham v. Bishop,* 23 S. C., 105, *Lewis v. Hinson,* 64 S. C., 571, 43 S. E., 15. However, the

question raised was necessarily passed upon by the Court in its disposal of one of the assignments of error made by the appellant.

. The judgment of this Court is that the judgment of the Richland County Court in each of the cases appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : The plaintiffs, respondents, held three policies of fire insurance upon a house belonging to them, the agreed valuation of which, as declared in each policy, was $4,000. One of the policies was issued by the Home Insurance Company, and the other two by the Fidelity Company; each being in the sum of $1,000. While the policies were in force the house was damaged by fire. The parties were unable to agree upon an adjustment of the loss, and, as the policies provided under such circumstances, an appraisal agreement was entered into, providing for the appointment by each party of "a competent and disinterested. appraiser," and, in the event of their disagreement, for the appointment of an umpire to whom their differences only should be submitted.

. The appraisal agreement further provided:

"The appraisers shall then appraise the loss and damage, stating separately sound value and loss: or damage to each item.   *   *   *   An award in writing, so itemized, of any two, when filed with this company, shall determine the amount of sound value and loss or damage."

The appraisers and umpire were duly selected; they went .upon the premises, inspected the damaged building, and filed a written and signed award as follows:

"We   *   *   *   have estimated and appraised the sound value of the property herein described and the loss and damage thereto caused by said fire, and our award is as follows:

The insured declined to accept the award, and instituted two actions against the companies named, for the full

| Sound Value | Loss and Damage. | |
|---|---|---|
| Property described under first item of policies . . . . .᛫. . . | (blank)᛫ | $ 275.00 |
| *   *   *   *   * | | |
| Total sound value . . ᛫. . . . . . . | $275.00" | |
| Total loss and damage ᛫. . . . . | (blank) | |

amounts of the three policies, aggregating $3,000. The defendants answered admitting the issuance of the policies, the fire, and a loss, but relied upon the award as fixing the loss at $275, which was tendered and refused.

The case came on for trial before Judge M. S. Whaley and a jury on September 26, 1927. By consent they were tried together, and by agreement of counsel, the jury found one sum as the entire loss and damage. The verdict of the jury was for the sum of $540. Judgments were duly entered for proper *pro rata* amounts.

Upon the trial the defendants offered in evidence the appraisal agreement and the award. The plaintiffs objected to the introduction of the award upon the ground that it "was not such an award as was contemplated by the insurance policies sued upon and by the statutes of the state, and because the award shows on its face that it was incomplete and not according to the statutes or the terms of the policy, and especially because the award was not in conformity with Section 5602, Vol. 3, Statutes 1922. After hearing argument upon the objection of the introduction of said appraisal, the same was marked for identification and later received in evidence. * * *" (Note.—It will be observed that the objection is entirely wanting in specifications, other than that the award did not comply with the statute named, which has absolutely no application to the matter in controversy.)

The attack upon the award upon the possible ground that it did not specify the sound value of the building was not urged, the plaintiffs apparently relying upon their objection

that no notice of the meeting of the appraisers was given to them and their dissatisfaction with the amount of the award. They offered evidence tending to show that the award was much too low, and persuaded his Honor, the trial Judge, to submit to the jury the question whether, under the circumstances, they were entitled to notice of the meeting of the appraisers. No imputation of fraud, partiality, or other improper conduct on the part of the appraisers has been suggested.

The first question which the appellants raise, as stated in the brief of counsel is:

"I. Does the failure of appraisers (acting under the appraisal agreement provided for in a standard fire insurance policy) to give notice to the assured of the time and place of their meeting for the purpose of fixing the loss and damage so affect the award of appraisers as to warrant the Court in setting it aside and permitting the jury to pass on the damage?"

In the opinion submitted by Mr. Justice Stabler, this question is answered in favor of the appellants, in which conclusion I concur.

The second question is:

"II. Is it proper for the jury to decide whether notice of the meeting of the appraisers should be given the assured in a particular case?"

This, too, is answered in favor of the appellants, and in that conclusion I concur.

The third question is:

"III. In a suit where an award is pleaded as a bar to the action, should the jury be allowed the discretion of disregarding the award, if in their judgment the amount of the award is inadequate, in a case where there is admittedly no fraud, express or implied, and no palpable mistake of fact involved?"

This, too, is answered in favor of the appellants, and in this conclusion I concur.

Any one of these grounds, I think, are sufficient to reverse the judgment. Opposed is the position taken by the respondents:

"In addition to the foregoing questions, which the appellants say are involved in the appeal, there is the additional question as to whether or not the appraisal agreement, and the award made pursuant thereof, is such an award as is contemplated by the insurance policies and the statute laws of the State. This question is raised by the respondents' motion to sustain the judgment below upon additional grounds."

In reference to it the proposed opinion declares:

"This being an action at law, the Court will not consider the respondents' additional ground for sustaining the judgment. *Bonham v. Bishop,* 23 S. C., 105; *Lewis v. Hinson,* 64 S. C., 571, 43 S. E., 15."

It is added:

"However, the question raised was necessarily passed upon by the Court in its disposal of one of the assignments of error made by the appellant."

I assume that this has reference to the second exception, which assigns error in refusing the motion of the defendants for a directed verdict in favor of the plaintiff for the amount of the award, $275. The award was admitted in evidence, whether rightly or otherwise, and was before the jury, showing the loss and damage at $275. If the verdict had been for the plaintiffs in that amount, *and the plaintiffs had appealed,* the question of the validity of the award would have been before the Court; but, as counsel for the plaintiffs declare in their printed brief:

"This question is raised by the respondents' motion to sustain the judgment upon additional grounds."

The record shows that that is the only way in which the matter has been presented, and the opinion declares, rightly, that it cannot be so raised, citing cases. Besides, it is held in the *Aiken case,* 137 S. C., 248, 134 S. E., 870, that if the

sound value had been given in the award, it should be rejected as surplusage.

I may say that I did not agree with the conclusion of the Court in that case, and think that in a case of partial loss it is essential to the validity of an award that the sound value of a building be stated, so that the proper ratio of the insurance may be determined. That question, however, has been raised only in the mode the opinion declares improper. The defect is, if it could be considered, as much against the insured as against the insurers, for without it there is no substantial support for the verdict.

I think, therefore, that the judgment should be reversed, and the case remanded for judgment under Rule 27, or at the least that a new trial be ordered.