12702

SANDERS v. CHARLESTON & W. C. RY. CO.

(149 S. E., 109)

*Messrs. Claude M. Aman,* and *Alfred Wallace, Jr.,* for appellant,

*Messrs. Park & McDonald,* and *Thomas & Thomas,* for respondent,

July 16, 1929.

The opinion of the Court was delivered by Mr. Justice Stabler.

On Wednesday, July 9, 1924, the plaintiff delivered to the defendant, at Port Royal, S. C., properly packed and in good condition, 448 crates of tomatoes, a perishable commodity, for transportation to plaintiff's agent, Olivet Bros., at New York City. The tomatoes arrived at their destination on Sunday, July 13, but, there being no market in New York on that day, were held over and delivered on Monday morning, July 14.

The issue made by the pleadings was whether or not there was negligent delay in the transportation of the shipment. The plaintiff alleged that the tomatoes should have been delivered to her consignee on July 11, or not later than July 12, in time for the early morning market, but that the defendant negligently failed to make delivery until July 14, at which time the tomatoes were in a damaged condition and the market price had declined, and that in consequence of defendant's negligence she suffered a loss of $996.75. The defendant pleaded that "delivery at New York on the fourth morning after receipt of a shipment at Port Royal, S. C., is the quickest possible time that can be made under the fastest schedule now obtaining and at the time mentioned in the complaint."

The case was tried at the spring, 1928, term of the Court of Common Pleas for Beaufort County. Judge Bonham, who was presiding, directed a verdict for the defendant, stating in his order:

"It is apparent to my mind that the plaintiff acting through her agent, her husband, made this shipment in view of and in contemplation of the schedule then existing, he testified

that he knew what it was, and that it was fourth morning delivery.

"Mr. Sanders himself testified that the goods were shipped on Wednesday, July 9th, 1924, that he knew according to the schedule, the usual course of transportation that it ought to be delivered the fourth morning which was Sunday, and there being no market on Sunday, and he could not expect the goods to be delivered there any sooner, and they were by his own showing delivered there on Monday, the next day.

"Now, it is a rule of law, that if there is any delay in transportation, unreasonable delay in the transportation, or negligently delivered, the presumption of law is that it is due to the negligence of the defendant; but there is absolutely no evidence here of any delay in the transportation according to the schedule, except what was understood by the plaintiff, and there is absolutely no evidence of any delay in delivery. I am bound, therefore, to grant the motion for a directed verdict."

There are several exceptions, but only one question is presented: Was there any substantial evidence of negligent delay in the transportation and delivery of the tomatoes requiring the submission of the case to the jury?

There was testimony, admitted over defendant's objection, tending to show that, prior to 1917, there was a "third morning" delivery at New York City of perishable products shipped from the Beaufort territory. But since that date the fastest schedule in the movement of such products has been a "fourth morning" delivery. According to the appellant's contention, if the carriers could arrange the movement of such products for a third morning delivery before 1917, this was evidence to go to the jury, when considered with the further fact that New York City is a distance of only about 800 miles from this territory, that a third morning delivery was possible and reasonable, and that failure to deliver such products in such time was not a compliance with the provi-

sion of the bill of lading that the transportation and delivery would be made "with reasonable dispatch."

Whatever may be the merit of that contention, as to which we express no opinion, the appellant in the case at bar has no grounds for just complaint. Her husband, who was acting for her in the matter, testified that the usual time from the Beaufort territory to New York since the World War was a fourth morning delivery, and that he expected this shipment to arrive there on the fourth morning—which, of course, would be Sunday. He made the shipment with actual knowledge and in contemplation of these facts, from which we must conclude that, under his then construction of the words "with reasonable dispatch" in the bill of lading, delivery on the fourth morning would be a compliance therewith. It is undisputed that the shipment arrived at the pier of delivery at New York City in time for the fourth morning delivery, if there had been one on that day. The appellant cannot now say that transportation and delivery of the shipment, made in accordance with her construction of the bill of lading, was not made "with reasonable dispatch." There was no error, under this state of facts, in directing a verdict for the defendant.

As this is a law case, the Court will not consider the ■ respondent's additional grounds for sustaining the judgment. *Bonham v. Bishop,* 23 S. C., 105; *Lewis v. Hinson,* 64 S. C., 571, 43 S. E., 15.

The order appealed from is affirmed.

Mr. Chief Justice Watts, and Messrs. Justices Cothran, Blease, and Carter concur.