**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

First Reliance Bank, Respondent,

v.

Charles E. Bishop, Brett D. Blanks, BCM of Lexington, LLC d/b/a Dam Bar & Grill, B&H of Lexington, LLC and Branch Banking and Trust Company of South Carolina, Defendants,

Of whom Charles E. Bishop is the Appellant.

Appellate Case No. 2020-000872

Appeal From Lexington County
James O. Spence, Master-in-Equity

Unpublished Opinion No. 2022-UP-408
Submitted October 1, 2022 – Filed November 16, 2022

**AFFIRMED**

Paul B. Ferrara, III, of Ferrara Law Firm, PLLC, of North Charleston, for Appellant.

James Edward Bradley, of Moore Bradley Myers, PA, of West Columbia, for Respondent.

**PER CURIAM:**  Charles Bishop appeals an order of the master-in-equity in a foreclosure action.  On appeal, Bishop argues (1) the master abused his discretion in not ordering a new appraisal, (2) due process requires this matter be reviewed by this court, and (3) First Reliance Bank should be estopped from asserting this court does not have jurisdiction to hear this matter.  We affirm.

1. We hold Bishop served his notice of appeal within thirty days of receiving written notice of entry of the order, and therefore, this court has appellate jurisdiction.  *See* Rules 203(b)(1), (4), SCACR (stating that a notice of appeal from an order or judgment issued by a master-in-equity "must be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment"); *Provident Life & Accident Ins. Co. v. Driver*, 317 S.C. 471, 477, 451 S.E.2d 924, 928 (Ct. App. 1994) (explaining the elements of estoppel as applied to the estopped party and the party asserting estoppel).

2.  We hold the master did not abuse his discretion in not ordering a new appraisal.  *See Ingram v. Kasey's Assocs.*, 340 S.C. 98, 105, 531 S.E.2d 287, 290-91 (2000) ("In equity actions an appellate court can review the record and make findings based on its view of the preponderance of the evidence.  However, this [c]ourt is not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to judge their credibility." (internal citations omitted)); S.C. Code Ann. § 29-3-680(A) (2007) ("In any real estate foreclosure proceeding a defendant against whom a personal judgment be taken or asked . . . may within thirty days after the sale of the mortgaged property apply . . . for an order of appraisal."); S.C. Code Ann. § 29-3-720 (2007) ("The board of appraisers . . . shall proceed to view and value the mortgaged property and all *or a majority thereof* shall make a sworn return within thirty days from their appointment of the true value of the property as of the date of sale, taking into consideration sale value, cost and replacement value of improvements, income production and all other proper elements which, in their discretion, enter into the determination of true value." (emphasis added)); *S.C. Nat'l. Bank v. Cent. Carolina Livestock Mkt., Inc.*, 289 S.C. 309, 311-12, 345 S.E.2d 485, 487 (1986) (explaining that a party aggrieved by the appraisers' return and any subsequent deficiency judgment order has the right to appeal, and if the master "determines that the appraisal does represent the true value of the property, he confirms the appraisal and an aggrieved party has the right to appeal" to the appellate court; however, if the master "determines that the appraisal does not fairly represent the value of the property, he may 'order a new appraisal upon such terms as he may deem equitable'" (quoting S.C. Code Ann. § 29-3-750 (2007))); *Gowdy v. Kelley*, 185 S.C. 415, 423, 194 S.E. 156, 160 (1937) (stating that equitable relief on the ground

of mistake is available only "[w]here there is a mutual mistake as to the facts upon which it is based . . . or . . . [w]here one of the parties only is under such mistake . . . such mistake has been occasioned by the fraud, deceit, or imposition in any form of the other" (quoting *Kennerty v. Etiwan Phosphate Company*, 21 S.C. 226, 231, 53 Am. Rep. 669 (1884))); *Cleveland v. Home Ins. Co. of N. Y.*, 150 S.C. 289, 295, 148 S.E. 49, 52 (1929) ("[H]owever, . . . a mere mistake of judgment on the part of the appraisers cannot and would not vitiate an award . . . unless it is shown that there was fraud, actual or implied, or that the appraisers were not impartial.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.