BRABHAM v. AMERICAN TELEPHONE AND TELEGRAPH
COMPANY.

1. FELLOW-SERVANTS—NEGLIGENCE.—A FOREMAN of a gang of men
   employed by a telegraph company to clear its right of way is a
   fellow-servant with men under him subject to his orders, and the
   telegraph company is not liable for injury to one of the men by
   reason of obeying the orders of the foreman, if he has been selected
   with due care.
2. IBID.—IBID.—FOREMAN.—A complaint alleging an injury to have
   been caused by the manner in which workmen carried out the
   orders of the foreman states no cause of action from negligence of
   the foreman.

Before GEORGE E. PRINCE, special Judge, Barnwell, May,
1904.    Affirmed.

Action by B. J. Brabham, Jr., against American Tele-
phone and Telegraph Co. and Leonard Handberry.    From
order sustaining demurrer, plaintiff appeals.

*Messrs. Davis & Best,* for appellant, cite: *A general aver-
ment of negligence in the act complained of is sufficient:* 14
Ency., 334, 333; 35 S. C., 384.    *Handberry was agent of
defendant company and it is liable for his acts:* 22 S. C.,
557; 39 S. C., 507; 51 S. C., 79.

*Messrs. Nelson & Nelson,* contra, cite: *No acts of defend-
ants are alleged which were negligent, and Handberry and
plaintiff were fellow-servants:* 26 S. C., 491; 29 S. C., 100;
23 S. C., 287; 44 S. C., 318; 52 S. C., 443; 35 S. C., 383.
*Liability of railroad to their employees before and since the
Con. of 1895:* 1 McC., 400; 39 S. C., 500; 56 S. C., 455; 21
S. C., 545; 22 S. C., 557; 55 S. C., 488; 26 S. C., 291.
*Employer is not liable to servant for injury from negligence
of fellow-servant:* 70 S. C., 95; 39 S. C., 509; 18 S. C., 262,
275; 22 S. C., 557; 23 S. C., 529; 55 L. R. A., 908; 115
Ala., 193; 39 Atl., 328; 49 N. E., 182; 168 U. S., 85; 45
S. E., 220; 44 S. E., 992; 34 So., 612; 22 L. R. A., 361; 68

N. E., 362; 70 Am. St. R., 244; 34 So., 399; 22 Am. and
Eng. R. R. Cas., 309; 58 L. R. A., 808; 51 L. R. A., 421,
532; 175 U. S., 323; 112 U. S., 377; 154 U. S., 349; 162
U. S., 346; 15 Am. Neg. Cas., 652, 297; 44 N. Y. Supp., 1;
86 Pa., 439; 34 N. E., 185.

March 8, 1905.   The opinion of the Court was delivered
by

Mr. Justice Jones.   The Circuit Court, Hon. G. E.
Prince, special Judge, sustained a demurrer to the complaint
herein for insufficiency, to which appellant excepts.

The complaint, after stating that the defendant, American
Telephone and Telegraph Co., is a corporation operating a
system of telephone and telegraph wires through the county
of Barnwell, S. C., and that the defendant, Handberry, at
the times thereinafter mentioned, was an agent of the defend-
ant to superintend and direct the working of laborers upon
its line, known as the right of way gang, further alleged as
follows:

"3d. That on the 12th day of June, A. D. 1903, the
plaintiff above named was in the employ of the defendants
herein as workman on its right of way gang, and, among
other things, it was his duty to obey the orders of the de-
fendant, Leonard Handberry, who was the foreman of the
gang, and while at work clearing the right of way of said
defendant corporation, the said defendant, Handberry,
ordered the plaintiff to pull down a certain pine tree, which
had been cut and lodged against another tree, using block
and tackle to accomplish the same.

"4th. That the plaintiff, along with the rest of the hands,
proposed to the defendants (and began) to remove said tree
by first removing the one it was lodged against, which was
the safe and proper way to perform said work, but the de-
fendants objected and required the plaintiff to pull down the
tree that had first lodged, which proved to be dangerous to
the plaintiff and to the other hands hereinbefore mentioned,

and so known or should have been known to the defendant above named.

"5th. That in carrying out the dangerous orders of the defendants as aforesaid, the plaintiff, along with the other hands, attempted to pull said tree (lodged as aforesaid) to the ground, when the same broke, precipitating the plaintiff backward to the ground and against a wooden stump, causing the hands who had hold of the rope in front of him to fall against him and upon him, severely injuring the plaintiff's back and hip, and causing him to lose the full use of his left leg; that the plaintiff's urinary organs were severely injured, and he received a severe injury, resulting in hernia, all of which injuries are permanent, and has, and will ever incapacitate plaintiff from any kind of laborious work, the only means by which he can earn a livelihood.

"6th. That the action of the defendants was grossly negligent, and that the plaintiff was wholly without knowledge of the hazardous dangers as aforesaid; and in addition to his said injuries (which are permanent, as aforesaid), he has suffered and continues to suffer great pain and mental anguish, and has been compelled to expend large sums for medical attention, to his damage $5,000."

Each of the defendants demurred, and made these specifications:

"1. In that it appears upon the face of the complaint that the plaintiff received the injuries alleged therein because of his own negligence, in attempting to remove said tree in a way other than the safe and proper way in which he should have performed said work. Such negligence on his part contributed as a proximate cause to said injury.

"2. In that it was not alleged in the complaint that the injuries to plaintiff were caused by any act of this defendant.

"3. In that no negligence on the part of this defendant is alleged to have caused the injury to plaintiff.

"4. In that no acts are alleged in the complaint which constitute negligence on the part of this defendant."

The Court sustained the demurrers upon the second and third specifications above, and respondents seek to have judgment sustained upon the further ground that if the injuries were the result of the negligence of the defendant, Handberry, he was a fellow-servant with plaintiff, and that for his negligence as such, the defendant company is not responsible. The appellant alleges error in sustaining the demurrer upon the ground stated.

We think there was no error. With respect to the demurrer of the defendant company, it was properly sustained, because, even if it should be held that the plaintiff alleged injuries as the result of the negligence of the defendant, Handberry, the complaint shows that Handberry was a fellow-servant with plaintiff. We are not now concerned with the modifications of the doctrine of fellow-servants, as contained in sec. 15, art. X., of the Constitution, which, among other things, allows an employee of a railroad corporation the same remedies allowed other persons, "When the injury results from the negligence of a superior agent or officer, or of a person having a right to control or direct the services of the party injured." The defendant in this case is not a railroad corporation, hence the rule which appertains here is the rule of the common law.

When one takes employment under another, he assumes the natural and ordinary risks of such employment, which includes the negligence of a fellow-servant whom the employer has selected with due care. In determining who are fellow-servants, the test or rule in this State is not whether the servants are of different grade, rank or authority, one of them having power to control and direct the services of another, but the test is in the character of the act being performed by the offending servant, whether it was the performance of some duty the master owed to the injured servant, the performance of which duty the master had entrusted to the offending servant. *Gunter* v. *Graniteville Co.,* 18 S. C., 270; *Couch* v. *Railroad Company,* 22 S. C.,

557; *Calvo* v. *Railroad Company*, 23 S. C., 526; *Jenkins* v. *R. R. Co.*, 39 S. C., 510, 18 S. E., 182; *Wilson* v. *Railroad Company*, 51 S. C., 96, 29 S. E., 91. The general duty of a master is to exercise due care in the selection of servants, to furnish appliances reasonably adequate and safe for the performance of the work, and to provide a reasonably safe place in which to work.

Now, the complaint shows that Handberry was a mere foreman of a gang of laborers, all of whom, including Handberry, were engaged in a common employment, clearing the defendant company's right of way; Handberry, however, having the duty to superintend and direct the working of the laborers, and they were subject to his orders. If Handberry had been entrusted by the defendant company with the duty to supply the block and tackle, and had furnished an unsafe or defective one, that would have been a breach of the master's duty to the servants injured by reason of such defective appliance; but such is not the case here, as it is not alleged that the block and tackle were unsafe or defective. Nor is it alleged that the defendant company was negligent in the selection of Handberry as servant and foreman. Nor is it alleged that the place in which plaintiff was required to work was not reasonably safe. The place and character of such work (felling and removing trees) necessarily involved some danger as an incident of that kind of employment. Therefore, if we should concede that the complaint states actionable negligence as against Handberry, it states no cause of action against the defendant company; since Handberry was a fellow-servant with plaintiff, the orders given by Handberry and obeyed by plaintiff being in the prosecution of the common employment and not in the discharge of any duty which the defendant company owed to the plaintiff. *McDaniel* v. *Railroad Company*, 70 S. C., 95.

But we do not think any cause of action is stated against the defendant, Handberry. To state a cause of action, there

must be alleged some duty owing a plaintiff by defendant which defendant has breached. Plaintiff and defendant were fellow-servants. It was part of their employment that Handberry should direct and plaintiff obey in the execution of the common employment. It is not alleged that the injury was the result of any negligence or any breach of duty owing by defendant, Handberry, to plaintiff. While it is alleged, substantially, that Handberry negligently gave directions to remove the lodged tree by means of block and tackle, it is not alleged, nor does it appear from the facts alleged, that the injury happened as a result of that order. The cause of the fall was the slacking or detachment of the rope and tackle from the tree upon which plaintiff and others were pulling, this was caused by the sudden breaking of the tree; but the breaking of the tree, so far as appears, was not the direct result of the order of Handberry, but was the result of the manner in which the plaintiffs and others carried out the order of Handberry.

The judgment of the Circuit Court is affirmed.