BIGGERS v. CATAWBA POWER CO.

1. EVIDENCE—OPINION.—A witness may give his opinion as to the time within which an act may be done if he speaks from a personal knowledge of the facts.

2. MASTER AND SERVANT—RISKS.—If it is necessary in order to conduct the work in a safe manner to employ servants to give notice of dan-

ger, and master employs competent servants for this purpose, they are fellow-servants with those in the dangerous place, and the master is not responsible for their failure to give notice of danger arising from operating the appliances, as this is one of the risks assumed by servant. Duties of master stated.

3. IBID.—NONSUIT.—There being no evidence here tending to prove that the machinery and appliances were unsafe or unsuitable, nor that servants employed were incompetent, nor that sufficient number of servants were not employed to give notice of danger, nonsuit should have been granted.

Before WATTS, J., York, November, 1904.    Reversed.

Action by Samuel Biggers against Catawba Power Co. From judgment for plaintiff, defendant appeals on the following exceptions:

"I. Because his Honor erred in allowing the plaintiff's witness, Cope Williamson, to testify against the objection of defendant as follows: 'No, sir. You could have prevented the danger if it (the bucket) had been let down slower.' 'It (the bucket) was coming in so fast he could not have gotten out of the way under no circumstances;' and also, 'Yes, sir, they (the buckets) were coming faster than usual that day.' The error being that all of said testimony was a mere opinion of the witness, who was a mere onlooker and had not worked in this department.

"II. Because his Honor erred in overruling defendant's motion for a nonsuit on both the following grounds: First: That the evidence failed to show any negligence on the part of defendant company causing or being the proximate cause of the injury to the plaintiff. And secondly: That the evidence showed that if the plaintiff's injury was due to negligence, it was the negligence of his fellow-servants.

"III. Because his Honor erred in charging plaintiff's first request, as follows: 'That the employer or master owes his employee or servant a positive duty to see that no harm comes to him, while in the performance of the master's work from servants charged with the performance of the master's

duty, or by unsafe or unsuitable machinery or appliances.' The error being that said charge makes the master absolutely liable to his servant while at work for all injuries caused by servants in the performance of the master's duty or by unsafe or unsuitable machinery or appliances; without reference to the care of the master in furnishing such machinery, appliances, and servants, and fails to show or explain when and how a servant performs his master's duty, as distinguished from his own duty as a servant.

"IV. Because his Honor erred in charging plaintiff's third request, as follows: 'If a servant is wantonly and negligently hurt while in the discharge of his duty by a foreman, manager or boss, controlling or directing the work, such person is the representative of the master and the master is liable, inasmuch as the acts of his representative are his own acts.' The error here being that his Honor tells the jury that a foreman, manager or boss is a vice-principal, which is a question of fact, depending upon the evidence, circumstances and work, and should have been left to the jury.

"V. Because his Honor erred in charging plaintiff's sixth request, as follows: 'It is the duty of the master and not of the servant to exercise due care and diligence to ascertain whether the appliances furnished and the systems and methods adopted and used are safe and suitable; and a servant has the right to assume, without inquiry or examination, that the appliances and methods furnished and used are safe and suitable.' The error being that said charge takes from the consideration of the jury the assumption by the servant of the risks of obvious imperfections and inherent dangers in the methods and means of carrying on the work in which he is engaged.

"VI. Because his Honor erred in charging subdivision 'e' of plaintiff's ninth request, as follows: '(e) And generally the master must manage the work and the appliances with which the work is conducted, in such a reasonably safe and prudent manner, as to avoid injury to the servant. This means that the master may have careful agents and servants

employed to manage the work, but if the system of management is faulty and dangerous, while more reasonably safe means and methods might have been adopted by the master, and the servant is injured in consequence, the master is liable.' The error in said charge being: First. In that it makes the master liable even if his appliances should be used and his work managed by fellow-servants of the injured party and it excludes the assumption of risks on the part of the servant. Second. In that it makes the master liable for his system of management if the jury believe a better system might have been adopted, and, therefore, the master would be liable if the jury believe he had not used the very best system. And third. In that it excludes the assumption of risks by a servant in working by a system, when he contracted and entered upon the work according to said system then in use."

*Mr. A. G. Brice,* for appellant, cites: *As to the opinion of the witness:* 19 S. C., 66; 68 S. C., 55; 63 S. C., 559; McKelvey on Ev., 173; 1 Elliott on Ev., 672, 674; 22 L. R. A., 620. *Duties of master:* 71 S. C., 53; 39 S. C., 507; 42 S. C., 454; 56 Am. St. R., 630; 70 S. C., 470; 25 L. R. A., 835; 93 Am. R., *McClaine* v. *H. & P. Co. Foreman was fellow-servant of plaintiff:* 71 S. C., 53; 70 S. C., 95; 39 S. C., 507; 109 Fed. R., 290; 71 Fed. R., 853; 149 U. S., 368; 175 U. S., 323; 160 U. S., 269; 98 Fed. R., 958; 178 N. Y., 242; 81 N. Y., 516; 25 L. R. A., 833; 51 S. C., 96.

*Mr. Jno. R. Hart,* contra, cites: *Witness may give his opinion as to lapse of time:* 59 S. C., 314. *Duty of master:* 67 S. C., 141; 42 S. C., 473; 34 S. C., 214.

July 29, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages in which the complaint alleges: "That on the 10th day of November, 1903, the plaintiff was employed by the defendant as a laborer in and upon its construction works near Catawba River, in said county. And on said date, while so

employed, the plaintiff was directed by the agent, foreman and manager of the defendant, to leave certain work on which he was then employed, and, with other laborers of the defendant, to enter a deep excavation and assist in digging and removing earth therefrom. That said earth was removed by shoveling the same into a large and heavy iron bucket, suspended from a boom, and was made to swing around and to ascend and descend into the excavation by ropes connected with a hoisting engine nearby. That shortly after beginning work in said pit or excavation, the large iron bucket suspended as aforesaid was, by direction of defendant's agents and servants, specially charged with the movements of the same, let down into the pit or excavation where the plaintiff was at work, with such speed, force and want of control, and without warning to the plaintiff, that he was, without fault on his part, struck by the said heavy bucket, his leg broken and his body bruised and lacerated, whereby he suffered and continues to suffer great bodily pain and injuries, disabling him from earning a livelihood by his labor. .

"That said pain, suffering and disabling injuries were caused by the negligence, gross negligence, and wanton and reckless conduct of the defendant, its officers and agents in: (1) Ordering and directing plaintiff to work in a place and premises known by it to be attended with great personal danger, without warning him, who was ignorant of the danger. (2) In employing dangerous and unskillful methods, machinery and appliances, in and about the said excavation work, and in using the same in a reckless, careless, and hazardous manner. (3) In causing and permitting the bucket used to remove the excavated material to be lowered with great speed and force into the pit where the plaintiff was working, and causing the said bucket to swing and oscillate over the bottom area of the said pit, and against the plaintiff's person; whereas, if the defendant had caused the said bucket to be managed with reasonable care, plaintiff's injuries may have been avoided. (4) In employing

and retaining reckless and incompetent agents and servants to manage and control the machinery for removing the excavated earth. (5) In not providing certain safe and sufficient control of the dangerous hoisting machinery and appliances used in and about the said excavation."

The defendant denied the allegations of negligence, and set up the defenses of contributory negligence, assumption of risk, and the negligence of fellow-servants.

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, which was refused.

The jury rendered a verdict in favor of the plaintiff for $1,500.

The defendant appealed upon exceptions which will be set out in the report of the case.

*First Exception:* The witness testified from his personal knowledge of the facts which related to the question of time. It is only neessary to refer to the case of *Easler* v. *Ry.*, 59 S. C., 311, to show that it was competent for him to give his opinion under such circumstances.

It will not be necessary to consider the other exceptions separately. It is the duty of the master: (1) To furnish safe and suitable machinery and appliances and to see that they are kept in proper repair. (2) To provide a safe place to work. (3) To employ a sufficient number of servants to perform the labors of their employment. (4) To select competent servants.

When there is a failure to perform any of these duties, and a servant is injured as a direct and proximate result of such failure, it constitutes *prima facie* evidence of negligence on the part of the master. If it is necessary in order to conduct the work in a safe manner, for the master to employ serants to give notice of danger during the progress thereof, to other servants, and injury results from such failure, the master is liable for damages. But when the master employs competent servants to give notice of danger to the other servants, they are fellow-servants, and he is not responsible for their negligence in failing to give notice of

danger arising from the operation of the appliances, as this is one of the risks assumed by the servant. The servant likewise assumes the usual and ordinary risk incident to the operation of the machinery. But if the danger is latent or unusual, or the servant is youthful, or the master knows he is inexperienced, it is his duty to give warning of the danger.

In the present case there was testimony tending to show that the place where the plaintiff was required to perform the duties of his employment was dangerous, but he was fully informed of the danger, and therefore assumed the ordinary risk incident to the work. There was no testimony tending to prove that the machinery and appliances were unsafe and unsuitable; nor that the servants employed by the defendant were incompetent; nor that a sufficient number of servants were not employed to give notice of danger. The testimony tends to show that the injury was the result of negligence on the part of the servant whose duty it was to give notice of danger. The exception assigning error in refusing the motion for nonsuit must be sustained.

The principles which we have announced dispose of the other exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.