## 8851

STANTON v. INTERSTATE CHEMICAL CORPORATION *ET AL.*

(81 S. E. 660.)

MASTER AND SERVANT. FELLOW SERVANT. ASSUMPTION OF RISK. CON-
TRIBUTORY NEGLIGENCE. NONSUIT. CHARGE.

1. Where, in an action for injuries to an employee caused by a car
in a manufacturing plant jumping a switch, brought against the
employer and a third person who had been superintendent, the evi-
dence showed that the third person had ceased working at the mill
nine months before the accident during which time cars were run-
ning on the track, and the third person testified that he thought the
switch had been put in after he left, but did not remember, and
there was nothing to show an improper construction of the switch,
the third person was, as a matter of law, not liable.

2. A nonsuit cannot be granted where there is any evidence offered by
plaintiff to prove his case.

3. The nonassignable duties of an employer operating cars on a track
in its plant are, as to one having the right to ride on the cars with-
out controlling their operation, to have the cars properly and safely
driven by a competent servant.

4. Whether an employer operating cars on a track in its plant was
guilty of actionable negligence resulting in injury to an employee in
a collision between cars, *held,* under the evidence, for the jury.

5. An employee in charge of a car operated on tracks in a manufac-
turing plant and a water boy riding on the car when in performance
of his duty not connected with the running of the car or aiding in
keeping the track and switch in repair, are not as a matter of law,
fellow servants, but the employee operating the car is the represen-
tative of the employer who is liable for negligence causing injury
to the boy.

6. A servant assumes the risks ordinarily incident to his employment,
but not the risks due to the negligence of the master.

7. Whether a servant riding on a car operated on tracks in a manu-
facturing plant was guilty of contributory negligence precluding a
recovery for injuries in a collision with another car, *held,* under the
evidence, for the jury.

8. The jury must determine under all the facts what is due care, and
whether a person sustaining a personal injury exercised due care,
and they must take into consideration his age, experience, mental
capacity, and the dangers of the situation.

9. The Court, in an action for personal injuries to an infant employed
as a water boy, may properly warn the jury of the dangers of
immaturity and want of experience in determining his guilt of con-
tributory negligence.

Before DeVore, J., Charleston, April, 1913. Affirmed as to corporation; reversed as to Chisolm.

Action by Albert Stanton, by his guardian *ad litem,* against the Interstate Chemical Corporation and Felix H. Chisolm. From a judgment for plaintiff, defendants appeal.

The facts are stated in the opinion.

*Messrs. Smythe & Visanska,* for appellant corporation, cite: *Nonassignable duties of master:* 72 S. C. 264, 269; 39 S. C. 507; 26 Fed. 837; 66 S. C. 91, 99; 154 U. S. 349; 40 S. C. 104, 106; 107; 63 Fed. 107; 109 U. S. 483; 114 Fed. 100, note; 54 L. R. A. 106; 198 Pa. 112; 52 L. R. A. 935. *Fellow servants:* 78 S. C. 381; 25 S. C. 133; 63 S. C. 559, 576; 112 U. S. 377; 149 U. S. 375; 165 U. S. 363; 50 Fed. 728; 154 U. S. 358; 50 Fed. 185; 63 Fed. 107; 57 Fed. 188; 28 S. E. 267; 69 Fed. 358; 32 Mich. 570; 60 Miss. 977; 162 U. S. 375; 63 S. C. 559; 39 S. C. 507; 15 S. C. 443, 455; 51 S. C. 96. *Proof of negligence:* 92 S. C. 147; 110 Fed. 674: 166 U. S. 618; 152 U. S. 691; 69 S. C. 529; 66 S. C. 256; 72 S. C. 398-401. *Prima facie presumption of negligence rebutted:* 87 S. C. 176; 93 S. C. 395, 396. *A reversal as to one defendant in action for an alleged joint tort requires reversal as to both:* 59 Atl. 456; 128 S. W. 463; 43 N. E. 393, 395; 127 Pa. 831; 33 S. E. 44; 20 S. E. 480. *Master not liable for accidents:* 78 S. C. 472, 481; 90 S. C. 229, 233; 75 S. W. 689.

*Messrs. Mitchell & Smith,* for appellant, Chisolm, cite: *Judgment absolute should be given dismissing this defendant from the case:* Rule 27 of Supreme Court.

FOOTNOTE—On the question whether a servant may assume the risk of dangers created by the master's negligence, see notes in 4 L. R. A. (N. S.) 848, and 28 L. R. A. (N. S.) 1215.

*Messrs. Logan & Grace,* for respondent, cite: *Grounds for nonsuit not urged on Circuit:* 63 S. C. 566; 78 S. C. 127; 90 S. C. 334.   *Nonassignable duties of master:* 71 S. C. 56; 72 S. C. 237; 77 S. C. 336.  *Liability for joint tort of master and fellow servant:* 79 S. C. 52; 84 S. C. 283; 89 S. C. 529.   *Risks due to master's negligence not assumed:* 87 S. C. 213.   *Care varying with capacity of employee:* 80 S. C. 240.   *Refusal of nonsuit:* 78 S. C. 81; 93 S. C. 299.

April 22, 1914.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action for $10,000 for personal injuries brought by the plaintiff, an infant under 21 years.  The cause was tried before Judge DeVore, and a jury, at the April term of the Court, 1913, for Charleston county, and resulted in a verdict in favor of the plaintiff against both defendants.  At the close of plaintiff's evidence a motion was made by the defendants for a nonsuit as to punitive damages on the ground that there was no evidence tending to show wilfulness and wantonness, or recklessness, or either of them, and as to the whole case on the ground that the plaintiff had failed to prove any negligence on the part of the defendants; that the injury to the plaintiff was caused by the negligence of a fellow servant for which the defendant was not responsible, and that the plaintiff had assumed the risks incident to his employment.  When the motion was made counsel for the plaintiff in open Court announced that they withdrew all claim for punitive damages.  His Honor, the presiding Judge, refused the motion for nonsuit on the whole case.  After all the testimony was in the defendants moved the Court to direct a verdict in their favor on the ground that the testimony showed conclusively that the plaintiff was guilty of contributory negligence in standing on that part of the car which was obviously the most dangerous part of it, that there was no testimony tending to

28—97

show that the switch was not in proper condition, the undisputed testimony being that the switch was in proper condition, and that if the plaintiff was injured by the negligence of any one, it was by the negligence of a fellow servant, the driver of the car which jumped the switch.    The Court was requested to direct a verdict in favor of the defendant, Felix H. Chisolm, on the ground there was no evidence to connect him with the accident.    The motion to direct a verdict was refused.    After entry of judgment both defendants appealed.

The defendant, Felix H. Chisolm, alleges error on the part of his Honor in failing and refusing to grant a nonsuit or direct a verdict in his favor on the ground there was no evidence to connect him with the accident.    These exceptions must be sustained.    A careful examination of all of the testimony in the case fails to disclose one particle of evidence connecting the defendant with the accident in this case.    The undisputed and uncontradicted evidence in the case shows that this defendant had ceased working at the mill nine months before the accident; during all this time the cars were running up and down the track; that at the time of the accident, and for a long time prior thereto, the defendant, Chisolm, worked in the Broad street office in a clerical capacity, and had nothing whatever to do with the management and operation of the plant, at which the accident occurred; the whole testimony shows that Tudor H. Chisolm, the brother of Felix H. Chisolm, had charge of the plant and gave orders, and not the defendant. In refusing the motion made on behalf of this defendant and assigning his reason his Honor said: "Mr. Chisolm testified that he was superintendent at one time, and that this switch was put in while he was superintendent."    His Honor was mistaken as to the testimony.    Chisolm's testimony was that he had been superintendent, but was not superintendent when track was laid and switches put down; that he had left there in September, and thought the switch had been put in

after he left, but did not remember and would not swear that it had been put in after he left the plant, and it might possibly have been put in while he was there. There is neither allegation nor proof going to show an improper construction of the switch, or installation of the same, so as to connect the defendant, Felix H. Chisolm, with it; the allegation in plaintiff's complaint being: "In causing and allowing said switch to be in such condition as to allow another car to collide with the car upon which said plaintiff was riding." We fail to find any testimony in the case warranting a verdict against this defendant, and his Honor was in error in not granting the nonsuit asked for in the first instance by him, and in refusing to direct a verdict for him in the second instance. These exceptions are sustained and a nonsuit directed as to Felix H. Chisolm, and proceedings as to him dismissed. The exceptions of the Interstate Chemical Corporation are: The first exception, subdivided in five, alleges error on the part of his Honor in not granting a nonsuit, and is as follows: The said defendants submit that his Honor erred in refusing the motion for a nonsuit, and assign the following grounds of error: That his Honor erred in holding that it was nonassignable duty of the master to have its cars safely and properly driven, whereas, his Honor should have held that Eugene Nelson was a fellow servant of the plaintiff; (2) that his Honor erred in failing and refusing to hold that the plaintiff had failed to prove any negligence on the part of the defendants; (3) that his Honor erred in refusing to hold that the plaintiff failed to prove that he was injured by negligence on the part of the defendant; (4) that his Honor erred in failing and refusing to hold that the plaintiff assumed the risks incident to his employment; (5) that his Honor erred in failing and refusing to grant a nonsuit on the ground that the only testimony tending to show negligence of any one was that the car which collided with the car on which the plaintiff was riding was going too fast, and that "this was a scintilla of evidence of negli-

gence on the part of the defendant," whereas, his Honor
should have held that if the car was going too fast, and was
being operated in a negligent manner, the negligence was
that of a fellow servant for whose negligence the plaintiff
cannot recover.    The second exception contains six subdivi-
sions, and alleges error on the part of his Honor in refusing
to direct a verdict for the defendant, and is as follows: The
said defendants submit that his Honor erred in failing and
refusing to direct a verdict in favor of the plaintiff, and
assign the following grounds of error: (a) That the testi-
mony shows conclusively that the plaintiff was guilty of con-
tributory negligence in standing on the part of the car which
was obviously the most dangerous part of the car.    (b)
That there was no testimony whatever tending to show that
the switch was not in proper condition, the undisputed testi-
mony being that the switch was in proper condition.    (c)
That if the plaintiff was injured by the negligence of any
one it was by the negligence of a fellow servant, to wit,
Eugene Nelson, the driver of the car which jumped the
switch.    (d) That his Honor erred in holding that Eugene
Nelson, who was running the car which collided with the
car on which the plaintiff was riding, was a representative of
the master, whereas, his Honor should have held that
Eugene Nelson was a fellow servant of the plaintiff.    (e)
That his Honor erred in holding that the master had to have
a representative on the car which collided with the car upon
which the plaintiff was riding, and that the said Eugene
Nelson, who was in charge of the said car, was a represent-
ative of the master; whereas, his Honor should have held
and decided that the said Eugene Nelson was a fellow serv-
ant of the plaintiff.    (f) That his Honor erred in holding:
"The general rule is that when a switch is properly thrown,
the car goes where you want it to.    Now, here is a car that
did not go that way.    What inference is the jury going to
draw from that?    I cannot tell.    That is a question of fact
for the jury."    Whereas, his Honor should have held that

the mere fact of the occurrence of an accident does not prove nor presume negligence on the part of a defendant.

If there was any evidence offered by the plaintiff to prove his case, then a nonsuit could not be granted. The plaintiff by the fifth paragraph of his complaint specified what the negligence of the defendant was: (a) In causing and allowing a car to come into collision with the car on which plaintiff was riding; (b) in causing and allowing said switch to be in such a condition as to allow another car to collide with the car upon which plaintiff was riding; (c) in causing and allowing the car to collide with the car upon which the plaintiff was riding to be operated at such a high and dangerous rate of speed as not to be under control so as to be stopped in time to avoid said collision and injury to the plaintiff. It has been held that the nonassignable duties of a master are: (a) To furnish safe and suitable machinery and appliances, and to see that they are kept in proper repair; (b) to provide a safe place in which to work; (c) to employ a sufficient number of servants to perform the labors of their employment; and (d) to select competent servants. *Biggers* v. *Catawba Co.*, 72 S. C. 264-269, 51 S. E. 882. It was the nonassignable duty of the master in this case to have its cars properly and safely driven, and to have a competent servant to perform that duty, and there was sufficent evidence in the case to go to the jury for them to determine whether or not there was negligence on the part of the defendants in the particulars specified in plaintiff's complaint.

There was evidence of collision between defendant's cars, and that by reason thereof plaintiff was injured. There was evidence that there was but one man in charge of the colliding car called No. 2, and he was both motorman and conductor; he had full charge of the car, and could direct where those who got on the car should ride. There was some evidence that the car was running too fast, and that it ran off of the switch in colliding with car No. 1,

and there was testimony that the switch was not properly set, that when improperly set the car could run off, and when properly set it could not, and that on the day after the accident it was repaired for greater safety. It was the duty of the master to keep the switch in proper repair and position. As was held in *Richey* v. *Railway*, 69 S. C. 387, 48 S. E. 285: It was the duty of the master to keep the switch in such position as to render the tracks in the yard safe while the trains were being made up, and if plaintiff's intestate was injured while engaged in the performance of his duties as conductor as a direct and proximate cause of negligence on the part of the defendant in failing to keep the switch in proper position, then the defendant becomes liable for such injury. Where it is conceded that the switch was not in proper position when plaintiff's intestate was killed, and that was the direct and proximate cause of his death, this makes a *prima facie* case of negligence against the defendant. *Branch* v. *Railway*, 35 S. C. 405, 14 S. E. 808; *Hicks* v. *Railway*, 63 S. C. 559, 41 S. E. 753; *Trimmier* v. *Ry. Co.*, 81 S. C. 211, 62 S. E. 209.

There is no question that the evidence shows that Nelson was in charge of the car as the representative of the master under the authority of *Boatwright* v. *R. R. Co.*, 25 S. C. 128, quoted with approval in *Hicks* v. *Railway*, 63 S. C. 567, 41 S. E. 753.

The test as to who are fellow servants is, in the character of the act being performed by the offending servant, whether it was the performance of some duty the master owed to the injured servant, the performance of which duty the master had entrusted to the offending servant. *Brabham* v. *Tel. Co.*, 71 S. C. 53, 50 S. E. 716; *Martin* v. *Guano Co.*, 72 S. C. 237, 51 S. E. 680; *Lyon* v. *Railway*, 77 S. C. 336, 58 S. E. 12. We do not think that Eugene Nelson and the plaintiff were fellow servants. Nelson was the motorman in full charge of the car; the plaintiff was a water boy, and had nothing to do with running the car, or aiding or assisting in

keeping the switch and track in repair.    The plaintiff was ordered by Mr. Tudor Chisolm, assistant superintendent, to go to the shop and get ice, to carry to the men on the wharf, at the scales; he got the money in the office from Mr. Black, and got on the cars to carry out his instructions.    It was the custom to ride on the cars when they were running, and the evidence shows this was known to the officers of the company, and that he rode on the steps, and had been on the steps at the same time Mr. Chisolm was riding on the steps. There was sufficient evidence to carry the case to the jury as to whether or not the defendant was negligent as to the switch, or whether the negligence of the master's representative, Nelson's actions and conduct, was the direct and proximate cause of the injury of plaintiff, or if there was a joint tort of Nelson and the master.

We do not think the Judge was in error in not granting the nonsuit on the ground of assumption of risk as contended for by the appellant.    "A servant assumes the risk ordinarily incident to his employment, but not those risks which are due to the negligence of the master." *Lewis* v. *Bldg. Co.,* 87 S. C. 213, 69, S. E. 213.    The evidence shows the plaintiff was office and water boy, and his injury did not come from anything ordinarily incident to that employment.

We do not think that the only inference that could be drawn from the evidence was that the plaintiff was guilty of contributory negligence in riding on the steps of the car, and that the evidence showed that the place he was riding on was obviously dangerous.    The jury could infer from the evidence that it was not more dangerous to ride on the steps than it would have been to have ridden on the tub, where it is contended he ought to have ridden.    He had the right to assume that the car, switch, and roadbed were in reasonably safe and proper repair, and that the car would be properly operated and run by the motorman.    Under the facts as proven by the evidence in the case

it would have been manifest error on the part of the Judge to have directed a verdict on the ground that the plaintiff was guilty of contributory negligence; it was for the jury to settle and determine these issues.

Exception 3 complains of error on the part of his Honor in charging the jury that the question of injury caused by a fellow servant did not arise in the case, and not to consider that defense; whereas, he should have charged that Eugene Nelson was a fellow servant of the plaintiff, and they complain further that what he did say was a charge of facts. We fail to see that his Honor charged on the facts as complained of because the pleadings in the case, admissions, and evidence showed beyond dispute that Eugene Nelson was in sole charge of the car as representative of the master, and the plaintiff was in a different department of labor, and was in nowise a fellow servant of Nelson, and as a matter of law his Honor was correct in holding that he was not under the undisputed evidence in the case.

Exception 4 complains of error in not charging all of defendant's twelfth request by leaving out the last part, to wit, "proper care does not vary with the varying capacities or individualities of man," on the ground that the request is a sound proposition of law. We do not see that the defendant was in any manner prejudiced by this refusal. It is for the jury to determine under all the facts and circumstances in each particular case what is due care, and whether or not the party injured exercised due care under the circumstances of the situation, and they, the jury, take into consideration the age, experience, mental capacity, and dangers of the situation, and arrive at their conclusion as to whether or not due care was exercised under all of the circumstances of the case; and, under his Honor's charge taken as a whole, we fail to see anything that he charged or failed to charge that could have mislead the jury to the prejudice of the defendant.

The Court if it sees fit may properly warn the jury in any case of the dangers of immaturity and want of experience.

*Gadsden* v. *Power Co.,* 80 S. C. 240, 61 S. E. 960. All exceptions of the defendant, Interstate Chemical Corporation, are overruled, and judgment as to it affirmed. Judgment as to Felix H. Chisolm reversed and order of nonsuit, asked for by him in Circuit Court, granted, and proceedings as to him dismissed.

MR. JUSTICE HYDRICK, *dissenting.* I concur in reversing the judgment as to the defendant, Chisolm, and dissent from the affirmance of it as to the other defendant.