## 17533

Swinton LEWIS, Appellant, v. R. S. TRAWICK, Respondent

(108 S. E. (2d) 680)

*Messrs. Jefferies, McLeod, Unger & Fraser,* of Walterboro, *for Appellant,*

*Messrs. Waring & Brockington,* of Charleston, and *Padgett, Moorer & Black,* of Walterboro, *for Respondent,* ▮

May 12, 1959.

STUKES, Chief Justice.

The question involved in this case is whether the fellow servant doctrine applies to defeat appellant's alleged cause of action, as a matter of law.

He was employed by respondent at the latter's sawmill and logging woods which are about fourteen miles from Walterboro where appellant lived. It was customary, or an implied condition of the employment, that respondent should furnish the employees transportation from Walterboro to the place of employment. For that purpose he gave another Walterboro employee posession of a truck which was equipped to carry the several Walterboro employees to work on the morning of each work day and return them to Walterboro at the end of the day's work. The driver-employee kept the truck overnight at his home and picked up his fellow employees at appointed places each morning. The hourly wages of the driver-employee and the other employees whom he

carried to work did not begin until they reached the place of employment and ended when they left it. They were not required to make use of this transportation, for which they were not charged, and could go to their work by any means they chose. It is plainly inferable from the evidence that they usually used it because it was convenient and free, and not because it was a duty of their employment, which it was not.

On the way from Walterboro to the place of employment on the morning of March 10, 1955 the truck was involved in a highway accident in which appellant suffered personal injuries, for damages from which he brought this action against the employer-respondent upon allegations of negligence, recklessness and willfulness of the driver of the truck who, it was alleged, was the agent and servant of respondent and in the course of his employment, and appellant a passenger upon the truck.

At the conclusion of the evidence the trial judge granted respondent's motion for direction of verdict in his favor upon the defense of fellow-servant stating: "The principle, generally stated, is that the negligence of one employee toward another employee in the course of employment does not give rise to liability on the part of the employer, or, that is, the employer is absolved of liability for injuries suffered by such employee due to negligence of others who are in the service or in the employ in the same service as the injured employee. * * * Under my view of the case, it is not necessary to reach the question of whether or not the driver of the defendant's vehicle was negligent, reckless and wilful, as alleged in the complaint, because even if he were, such negligence, recklessness and wilfulness would be that of a fellow-servant and would defeat the plaintiff's action".

We think this was error and that the issue of whether the truck driver was the fellow servant of appellant at the time of the injury was an issue for the jury. The evidence was reasonably susceptible of the inference that respondent had assumed the obligation to transport his Walterboro

employees to work, if they desired it, and delegated that duty to the truck driver, giving him possession of the truck, and the latter thereby became for the time the vice-principal or *alter ego* of respondent for the purpose of the performance of the master's (respondent's) duty of transporting appellant to work.

The following from *Gunter v. Graniteville Mfg. Co.,* 18 S. C. 262, supports reversal here: "The test as to whether an employe is the representative of the master is, not whether such employé has the power to employ or discharge hands, or to purchase or change machinery, for, while these are some of the duties of the master, they are not all of his duties, and hence, an employé who is not entrusted with either of these powers may still be the representative of the master. The true test is whether the person in question is employed to do any of the duties of the master; if so, then he cannot be regarded as a fellow-servant or co-laborer with the operatives, but is the representative of the master, and any negligence on his part in the performance of the duty of the master thus delegated to him must be regarded as the negligence of the master".

The latter portion of the foregoing was quoted with approval in *Couch v. Charlotte, C. & A. R. Co.,* 22 S. C. 557, in *Calvo v. Charlotte, C. & A. R. Co.,* 23 S. C. 526, in *Jenkins v. Richmond & D. R. Co.,* 39 S. C. 507, 18 S. E. 182, and in other, later cases.

The following is from *Wilson v. Charleston & S. Ry. Co.,* 51 S. C. 79, 28 S. E. 91, 97: "Whether, in a particular case, either of them (employees) was engaged in performing certain acts which the law requires of the master, and which would prevent them from being fellow servants, is a question of fact, to be determined by the jury. The question as to who are fellow servants is a mixed question of law and fact. It is for the court to define the relation of fellow servants, but it is for the jury to determine whether the employés in a particular case come within the definition. * * * Wher persons are employed in a common undertaking all sustai

toward each other the relation of fellow servants when exercising the ordinary duties of their employment * * *. But if an employé sustains an injury through the negligence of a co-employé while such co-employé is performing the duties of the master, the master cannot defeat his recovery on the ground that they are fellow servants".

The decisions just mentioned were cited for the following in *Brabham v. American Telephone & Telegraph Co.,* 71 S. C. 53, 50 S. E. 716, 717: "When one takes employment under another, he assumes the natural and ordinary risks of such employment, which includes the negligence of a fellow servant whom the employer has selected with due care. In determining who are fellow servants, the test or rule in this state is not whether the servants are of different grade, rank, or authority, onè of them having power to control and direct the services of another, but the test is in the character of the act being performed by the offending servant, whether it was the performance of some duty the master owed to the injured servant, the performance of which duty the master had entrusted to the offending servant".

In the late, well-considered case of *Wesley v. Holly Hill Lumber Co.,* 211 S. C. 40, 43 S. E. (2d) 619, it was pointed out that the tendency of the recent decisions of this court, in line generally with those elsewhere, tend to modify the formerly rigid fellow servant rule as applied in some of the earlier cases. In the cited case the issue of whether the wrongdoer was a fellow servant of the injured employee, within the rule, was submitted to the jury.

Upon the facts here the conflict in the authorities generally is stated in the following excerpt from Sec. 377, 35 Am. Jur. 802, Master and Servant: "Again, an employee whom the employer had gratuitously undertaken to send home because of illness has been held not be a fellow servant of the driver of the employer's automobile employed in the undertaking. Where it appears that the victim was injured while going to or from his place of work, some of the authorities have declared in unqualified terms that the employer is

liable, others in the same unlimited fashion that no liability is incurred, whereas still other decisions have emphasized certain attendant facts—the time of the occurrence of the injury, whether before, after, or during the working hours of the day, the character of the conveyance, the inclusion of carriage as an item in the contract of employment, etc.— making liability turn thereon". Many relevant decisions are reviewed in the annotations in 50 L. R. A. 462, 11 Ann. Cas. 374, 16 Ann. Cas. 289 and Ann. Cas. 1912D 63.

Respondent cites the workmen's compensation cases of *Ward v. Ocean Forest Club,* 188 S. C. 233, 198 S. E. 385, and *Bailey v. Santee River Hardwood Co.,* 205 S. C. 433, 32 S. E. (2d) 365, which hold that an employee who is being transported to or from his work by the employer is within the course of his employment for the purposes of the compensation law. That is beside the point here; appellant and the driver of the employer's truck were both doubtless within the respective courses of their employment at the time of the accident, but that does not make them as matter of law fellow servants within the fellow servant rule. Incidentally, it appears that this litigation arose only because of the exemption of respondent's business from the workmen's compensation law, perforce Sec. 72-107 (3, 4), Code of 1952.

The respondent also relies upon *Lumber Mutual Casualty Ins. Co. of New York v. Stukes,* 4 Cir., 1947, 164 F. (2d) 571, a case which arose in this State. It was concerned with the coverage of the employer's public liability insurance policy. The conclusion, with which we need here have no quarrel, was that the injured employee was within the course of his employment when he was being transported from his work, citing our above compensation cases of Ward and Bailey. We consider that case irrelevant to the instant question.

We have carefully considered the other authorities which have been cited by respondent but find none of them controlling or convincing.

Reversed and remanded for new trial.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.